COMMONWEALTH of Pennsylvania,
Appellee,

v.

Clarence FERGUSON, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 13, 1998.

Filed Dec. 3, 1998.

Clarence Ferguson, appellant, pro se.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, HUDOCK and HESTER, JJ.

HUDOCK, J.:

This is an appeal from the order denying Appellant's first petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. sections 9541–46. We vacate the order denying post-conviction relief, and remand for a determination of Appellant's indigency and the appointment of counsel.

On February 2, 1995, Appellant entered pleas of *nolo contendere* to two counts of involuntary deviate sexual intercourse (IDSI), two counts of corruption of minors, and one count of indecent assault.[1] On April 12, 1995, the trial court sentenced Appellant to an aggregate term of eight to twenty years' incarceration. Appellant filed a timely motion for reconsideration of sentence, and the trial court then vacated Appellant's sentence and set a date for argument on the motion. After several continuances, the court heard argument and denied Appellant's motion on September 15, 1995.[2] Appellant did not file a direct appeal.

Appellant filed the instant *pro se* PCRA petition on March 24, 1997. The PCRA court denied the petition on June 10, 1997, on the grounds that it was untimely pursuant to 42 Pa.C.S.A section 9545(b). Before doing so, the PCRA court neither appointed counsel for Appellant nor held a hearing. This appeal followed.

1. 18 Pa.C.S.A. §§ 3123, 6301 and 3126, respectively.

2. For the purposes of this appeal, we have assumed that the trial court reimposed the original sentence on September 15, 1995. We note, however, that there is nothing in the record to indicate that the court did, in fact, do so.

The *pro se* brief submitted by Appellant argues that the PCRA court erred in dismissing his PCRA petition as untimely without first appointing counsel. On February 6, 1998, the Commonwealth filed a motion to quash the appeal on the grounds that the PCRA court was without jurisdiction to hear the petition because it was untimely under the 1995 amendments to the PCRA. This Court denied the Commonwealth's motion to quash without prejudice to the Commonwealth to raise the issue before the panel hearing the merits of the case. Although we agree that Appellant's petition is governed by the 1995 amendments, having been filed on March 24, 1997, we disagree that quashing the appeal is appropriate. Rather, it is only after the PCRA court measures the facts against the provisions of section 9545(b), including the exceptions thereto, and decides that the petition is time-barred, that it will be divested of its authority to entertain the PCRA petition. *Commonwealth v. Perry*, 716 A.2d 1259, 1261 (Pa.Super.1998). Furthermore, the PCRA court's decision regarding whether a petition is time-barred is subject to appellate review. *Id.*

Initially, we note that Appellant's petition appears to be untimely. Because the petition was filed on March 24, 1997, it is governed by the most recent amendments to the PCRA, which were enacted on November 17, 1995, and became effective sixty days thereafter, January 16, 1996.[3] Included in the amendments was a change in the provision governing the time in which a PCRA petition had to be filed. Section 9545(b) now states:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Common-

wealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

Given the above, Appellant had to file his petition within one year from the date his judgment of sentence became final. According to section 9545(b)(3), Appellant's judgment of sentence became final at the conclusion of direct review. Because Appellant did not file an appeal with this Court, his judgment of sentence became final at the expiration of the time period for seeking such review, thirty days after his motion for reconsideration of sentence was denied, or October 16, 1995.[4] *See* Pa.R.Crim.P. 1410A(2); Pa.R.A.P. 903. Therefore, Appellant's judgment of sentence became final more than one year and five months before he filed his PCRA petition. Moreover, Appellant's petition does not fall within the proviso of the note following section 9545(b), which states that a petitioner whose judgment has become

---

**3.** Act of November 17, 1995, P.L. 1118 No.32 (Spec.Sess. No. 1) § 1.

**4.** The thirtieth day, October 15th, was a Sunday.

final on or before the effective date of the amendments shall be deemed to have filed a timely petition if his first petition is filed within one year of the effective date of the amendments. *Commonwealth v. Alcorn*, 703 A.2d 1054, 1057 (Pa.Super.1997), *appeal denied*, —— Pa. ——, 724 A.2d 348 (1998). Appellant filed his PCRA petition on March 24, 1997. The one-year grace period expired on January 16, 1997. Thus, because Appellant's *pro se* PCRA petition was not filed during the one-year grace period, it is untimely unless one of the exceptions of section 9545(b)(1) applies. *Id.*

■ In its opinion filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the PCRA court states that it reviewed Appellant's petition and determined that none of the exceptions to the time limitation of section 9545(b) applied to the claims he raised. Despite this conclusion, however, we must still vacate the order dismissing Appellant's petition. Simply stated, when Appellant explicitly requested the appointment of counsel in his *pro se* petition, the PCRA court erred in not determining his possible indigence and in not appointing counsel if it determined that Appellant was indigent. Pursuant to Rule 1504 of the Pennsylvania Rules of Criminal Procedure, the PCRA court must appoint counsel for an unrepresented defendant where he satisfies the court that he is indigent and it is his first petition. *Commonwealth v. Van Allen*, 409 Pa.Super. 348, 597 A.2d 1237, 1239 (Pa.Super.1991).

In *Van Allen*, this Court further noted that the language of Rule 1504 is mandatory. *Id.* Indeed, we have repeatedly held that "Rule 1504(a) allows an indigent defendant the opportunity to secure the appointment of counsel to aid him in the completion of his first petition seeking post-conviction collateral relief, *regardless of the merits of his claim.*" *Commonwealth v. Peterson*, 453 Pa.Super. 271, 683 A.2d 908, 911 (Pa.Super.1996) (emphasis added). *See also Com-*

*monwealth v. Luckett*, 700 A.2d 1014, 1016 (Pa.Super.1997) (holding that an indigent petitioner is entitled to the assistance of counsel to aid in the preparation of his first PCRA petition even where the issues raised in a *pro se* filing had been previously litigated or were not cognizable under the PCRA); *Commonwealth v. Kaufmann*, 405 Pa.Super. 335, 592 A.2d 691, 695 (Pa.Super.1991) (holding that the authority of the PCRA court to summarily dismiss a petition pursuant to Rule 1507 cannot be read to encompass an uncounseled filing by an indigent, first-time petitioner). These cases essentially find that the court's power to dismiss a petition without a hearing under Rule 1507 must be read *in pari materia* with Rule 1504's mandate for the appointment of counsel. Our holdings have determined that Rule 1507 must yield to Rule 1504 because of the stated purpose of the latter rule that a petitioner must be afforded the assistance of counsel in preparing his first petition for post conviction relief. For similar reasons, we now hold that 42 Pa.C.S.A. section 9545 must also yield to Rule 1504.

■ Obviously, the present appeal differs somewhat from the mere lack of merit of a petitioner's claims that would subject a petition to dismissal without a hearing under Rule 1507. An untimely petition under section 9545 vitiates the jurisdiction of the PCRA court. Section 9545, however, imbues the PCRA court with jurisdiction beyond the ordinary one-year limit in three enumerated circumstances. Thus, just as the Rule 1507 cases have held that an indigent petitioner is entitled to counsel in order to be afforded the opportunity to identify in his first petition issues of possible merit,[5] we now conclude that Rule 1504 also mandates that, even where a PCRA petition appears untimely, an indigent petitioner is entitled to counsel in order that a determination may be made as to whether any of the exceptions to the time limitation of section 9545(b) apply to the circumstances surrounding his convictions. Thus, in the present case, Rule 1504 requires

5. Our Supreme Court has stated "[c]ounsel for a [PCRA] petitioner can more ably explore legal grounds for complaint, investigate underlying facts, articulate claims for relief and promote efficient administration of justice." *Commonwealth v. Finley*, 497 Pa. 332, 335, 440 A.2d 1183, 1184 (1981).

that Appellant have the assistance of counsel in determining whether he may still file a timely petition under the PCRA, rather than the PCRA court summarily concluding that he cannot. Accordingly, we must vacate the order and remand for the determination of Appellant's indigency and the appointment of counsel.

Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.