J-S25012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL A. GOOD, | |
| Appellant | No. 1267 WDA 2014 |

Appeal from the PCRA Order July 9, 2014
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000234-2011

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.*

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 09, 2015**

Appellant, Paul A. Good, appeals from the trial court's July 9, 2014 order denying as untimely his third petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   After careful review, we affirm.

We summarize the procedural history of Appellant's case as follows. Appellant pled guilty on January 11, 2012, to his second offense of driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(a)(1).   Under 75 Pa.C.S. § 3803(a)(1), a first or second DUI offense is graded as a misdemeanor and carries a maximum sentence of six months' incarceration. However, because Appellant had refused to submit to a Breathalyzer test,

_____

* Retired Senior Judge assigned to the Superior Court.

his DUI offense was graded as a misdemeanor of the first degree under 75 Pa.C.S. § 3803(b)(4).[1] Under the Crimes Code, misdemeanors of the first degree carry a statutory maximum term of five years' imprisonment. **See** 18 Pa.C.S. § 106(b)(6). On March 13, 2012, Appellant was sentenced to one to two years' incarceration. Appellant did not file an appeal from his judgment of sentence.

On June 28, 2013, this Court issued **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), holding that "regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the [DUI] offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment." **Id.** at 758. On October 3, 2013, Appellant filed a *pro se* petition for relief under the PCRA, arguing that his sentence of one to two years' imprisonment is illegal pursuant to **Musau**. Without appointing counsel or issuing a Pa.R.Crim.P. 907 notice, the PCRA

_____

[1] That section reads:

> (4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S. § 3803

court concluded that Appellant's petition was untimely and denied it on November 11, 2013. Appellant did not file an appeal.[2]

On December 11, 2013, Appellant filed a *pro se* "Motion to Correct Illegal Sentence," which the court treated as a second PCRA petition. This time, the court appointed PCRA counsel, who filed an amended petition on February 26, 2014. Therein, counsel argued, *inter alia*, that Appellant's sentence is illegal under **Musau**. On March 10, 2014, the PCRA court denied Appellant's petition as untimely filed. Again, Appellant did not file an appeal.

On March 28, 2014, Appellant (who was still represented by the attorney appointed for his second PCRA petition) filed the "Motion for *Habeas Corpus* Relief" underlying the present appeal. In that document, Appellant reiterated the same sentencing challenge proffered in his first and second PCRA petitions, *i.e.* that his sentence is illegal under **Musau**. The court

_____

[2] We do not have jurisdiction to address any errors committed in the disposition of Appellant's first PCRA petition. Nevertheless, we are compelled to note that when a *pro se* petitioner claims they are indigent and requests counsel in their first petition, the PCRA court must determine whether the petitioner is indigent and, if so, appoint an attorney to represent him. **See Commonwealth v. Ferguson**, 722 A.2d 177, 179 (Pa. Super. 1998) ("Simply stated, when Appellant explicitly requested the appointment of counsel in his *pro se* petition, the PCRA court erred in not determining his possible indigence and in not appointing counsel if it determined that Appellant was indigent."); **see also Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001) (holding that an appellant is entitled to representation of counsel on first PCRA petition "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented").

considered Appellant's motion as a PCRA petition and issued an order denying it as untimely on July 9, 2014.[3] Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant raises two issues for our review:

> I.      Did the [c]ourt fail to resolve a known conflict that exists between sentencing under the Crimes Code and sentencing under the Motor Vehicle Code for a specific offense, thereby allowing a defendant to serve a substantially longer prison sentence than is permitted under the statute he was sentenced under?
>
> II.     Did the [c]ourt err when it determined that it cannot or will not review the legality of sentence it imposed? Further, [d]id the [c]ourt commit reversible error by making a *de facto* determination that it is time-barred from granting relief for imposing a sentence that is illegal?

Appellant's Brief at 3.

Before we may address the merits of Appellant's claims, we must determine if his PCRA petition is timely. As this Court has explained:

> It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000).

_____

[3] Again, the PCRA court failed to file a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. However, Appellant does not object to that omission on appeal. Consequently, any claim relating to that error by the court is waived. ***See Commonwealth v. Williams***, 909 A.2d 383, 384 n.4 (finding that because the appellant did not raise the PCRA court's failure to provide a Rule 907 notice, "any defect in notice is waived").

…

> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.

*Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

Section 9545(b)(1)(i)-(iii) states:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Additionally, "[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented."

*Hernandez*, 79 A.3d at 651-652 (citing 42 Pa.C.S. § 9545(b)(2)). "In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim

- 5 -

was raised within the sixty-day time frame under section 9545(b)(2)." **Id.** at 652 (citation and internal quotation marks omitted).

Here, because Appellant did not file an appeal with this Court following the imposition of his sentence on March 13, 2012, his judgment of sentence became final on April 12, 2012. **See** 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, … or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal … shall be filed [with the Superior Court] within 30 days after the entry of the order from which the appeal is taken."). Thus, Appellant had until April 12, 2013, to file a timely petition, making his March 28, 2014 petition patently untimely. Consequently, Appellant must plead and prove the applicability of one of the above-stated exceptions to the PCRA's one-year time-bar for this Court to have jurisdiction over his appeal.

Appellant has failed to meet this burden. In his first issue, Appellant relies on **Musau** to argue that his sentence is illegal. However, **Musau** was a timely direct appeal from the defendant's judgment of sentence, and nothing in that decision indicates that it applies retroactively to defendants, such as Appellant, whose judgments of sentence have become final. Moreover, the **Musau** decision was filed on June 28, 2013, and Appellant did not file his instant petition until March 28, 2014, well beyond the 60-day

requirement of section 9545(b)(2). Thus, Appellant's first argument does not prove the applicability of any timeliness exception.

In his second issue, Appellant essentially contends that his legality of sentencing claim is not subject to the PCRA's timeliness requirement because such claims cannot be waived. While it is true that challenges to the legality of a sentence cannot be waived, the time limits of the PCRA "have been held to apply to questions raising the legality of sentence." **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000). In other words, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Therefore, Appellant's second argument also fails to prove that any timeliness exception applies to his legality of sentencing claim.[4]

_____

[4] We also note that Appellant raised this same sentencing claim in both his first and second PCRA petitions. Consequently, it has been 'previously litigated' as that term is defined in 42 Pa.C.S. § 9544(a)(3) ("For purposes of this subchapter, an issue has been previously litigated if: … (3) it has been raised and decided in a proceeding collaterally attacking the sentence."). While Appellant argues that his legality of sentencing claim cannot be deemed previously litigated because this Court never addressed that issue on its merits, Appellant completely disregards the language of section 9544(a)(3), which clearly applies to bar his claim. Moreover, it would be unreasonable to allow Appellant to reassert his legality of sentencing claim in the present PCRA petition simply because *he declined* to appeal from the PCRA court's denials of this same claim in his initial two petitions. Accordingly, Appellant would not be entitled to PCRA relief even if his instant petition satisfied an exception in section 9545(b)(1). **See** 42 Pa.C.S. §

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2015

*(Footnote Continued)* ————————————

9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must prove by a preponderance of the evidence all of the following: … (3) That the allegation of error has not been previously litigated or waived.").