J-S32028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD KIEHLMEIER, | |
| Appellant | No. 1882 WDA 2014 |

Appeal from the PCRA Order of October 10, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003208-2012
and CP-25-CR-0003217-2012

BEFORE:  SHOGAN, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 15, 2015**

Appellant, Donald Kiehlmeier, appeals *pro se* from the order entered on October 10, 2014.  We vacate the PCRA court's order and remand.

On December 20, 2012, Appellant pleaded guilty to aggravated assault, resisting arrest, and possession of marijuana;[1] on February 13, 2013, the trial court sentenced Appellant to serve an aggregate term of 58 to 144 months in prison.  Appellant did not file a post-sentence motion or a direct appeal from his judgment of sentence.

On September 12, 2014, Appellant filed a *pro se* "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*."  Within this petition, Appellant claimed

---

[1] 18 Pa.C.S.A. §§ 2702(a)(2) and 5104 and 35 P.S. § 780-113(a)(31), respectively.

that his appointed counsel abandoned him after sentencing and that his appointed counsel ignored his request to file a post-sentence motion and direct appeal on his behalf. Appellant's PCRA Petition, 9/12/14, at 1-3. Although the PCRA court properly considered Appellant's "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*" to be Appellant's first PCRA petition, the PCRA court did not appoint counsel to represent Appellant. Instead, on September 18, 2014, the PCRA court issued Appellant notice that it intended to dismiss Appellant's PCRA petition without a hearing, as the petition was untimely. **See** PCRA Court Notice, 9/18/14, at 1; **see also** Pa.R.Crim.P. 907(1). Appellant did not respond to the PCRA court's Rule 907 notice and, on October 10, 2014, the PCRA court dismissed Appellant's PCRA petition.

On Monday, November 10, 2014, Appellant filed a timely, *pro se* notice of appeal from the PCRA court's October 10, 2014 order.[2] We now vacate the PCRA court's October 10, 2014 order and remand for the appointment of counsel to represent Appellant.

_____

[2] After the PCRA court dismissed Appellant's *pro se* "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*," Appellant filed a *pro se* petition entitled "Amended Petition for Post Conviction Relief Pursuant to the [PCRA]." Within this amended petition, Appellant repeated his claims that his trial counsel was ineffective for failing to file a post-sentence motion and a direct appeal on his behalf. **See** Appellant's Amended PCRA Petition, 10/14/14, at 1-3. The PCRA court dismissed this amended petition on October 22, 2014 and, within its order, the PCRA court noted that it had already dismissed Appellant's PCRA petition on October 10, 2014. PCRA Court Order, 10/22/14, at 1. However, and regardless of this latter filing, Appellant filed a timely notice of appeal from the dismissal of his first PCRA petition. Appellant's Notice of Appeal, 11/10/14, at 1.

The PCRA court erred when it failed to appoint counsel to represent Appellant on his first PCRA petition. "[I]t is undisputed that first time PCRA petitioners have a rule-based right to counsel." *Commonwealth v. Figueroa*, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011). This right to counsel "exists throughout the post-conviction proceedings, including any appeal from [the] disposition of the petition for post-conviction relief." *Commonwealth v. Quail*, 729 A.2d 571, 573 (Pa. Super. 1999) (internal citations and quotations omitted); *see also* Pa.R.Crim.P. 904(C). Here, the PCRA court simply failed to appoint counsel to represent Appellant during the underlying proceedings. This constitutes clear error, as it forced Appellant to litigate the entirety of his first PCRA petition without the aid of an attorney.[3]

Moreover, although Appellant did not claim that the PCRA court erred in failing to appoint counsel, our Supreme Court explained that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Commonwealth v. Albrecht*, 720 A.2d 693, 699 (Pa. 1998). Thus, we have held that "where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA

_____

[3] As this Court has held: "even where a PCRA petition appears untimely, an indigent petitioner is entitled to counsel in order that a determination may be made as to whether any of the exceptions to the time limitation of [42 Pa.C.S.A. §] 9545(b) apply to the circumstances surrounding his [case]." *Commonwealth v. Ferguson*, 722 A.2d 177, 179 (Pa. Super. 1998).

court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).

In the case at bar, Appellant was deprived of his rule-based right to have appointed counsel litigate his first PCRA petition.[4] As such, we vacate the order dismissing Appellant's PCRA petition and remand this case to the PCRA court.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015

_____

[4] We note that the trial court previously determined that Appellant was indigent and that Appellant was granted leave to proceed with the current appeal *in forma pauperis*.