J-S43012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE RICHARDSON, | |
| Appellant | No. 2719 EDA 2014 |

Appeal from the PCRA Order of August 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0412141-1984

BEFORE:  GANTMAN, P.J., PANELLA AND OLSON, JJ.

JUDGMENT ORDER PER CURIAM:                    **FILED JULY 30, 2015**

Appellant, Tyrone Richardson, appeals *pro se* from the order entered on August 12, 2014 dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand.

The relevant procedural history of this case is as follows.  On August 1, 1984, Appellant was found guilty of, *inter alia*, first-degree murder.[1]  On April 19, 1985, he was sentenced to an aggregate term of life imprisonment without the possibility of parole.  This Court affirmed Appellant's judgment of sentence.  **Commonwealth v. Richardson**, 1199 Philadelphia 1985 (Pa. Super. June 23, 1987) (*per curiam*) (unpublished memorandum).  Appellant did not seek allocatur.

---

[1] 18 Pa.C.S.A. § 2502(a) (Purdon's 1983).

On August 22, 2012, Appellant filed a *pro se* PCRA petition. This was his first petition filed under either the PCRA or its predecessor, the Post-Conviction Hearing Act.[2] The PCRA court did not appoint counsel. On April 14, 2014, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907. On August 12, 2014, the PCRA court dismissed the petition. This timely appeal followed.[3]

The PCRA court erred when it failed to appoint counsel to represent Appellant on his first PCRA petition. "[I]t is undisputed that first time PCRA petitioners have a rule-based right to counsel." *Commonwealth v. Figueroa*, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011). This right to counsel "exists throughout the post-conviction proceedings, including any appeal from [the] disposition of the petition for post-conviction relief." *Commonwealth v. Quail*, 729 A.2d 571, 573 (Pa. Super. 1999) (internal citations and quotation marks omitted); *see also* Pa.R.Crim.P. 904(C). Here, the PCRA court simply failed to appoint counsel to represent Appellant during the underlying proceedings. This constitutes clear error, as it forced

---

[2] The PCRA court acknowledged that "[a]fter reviewing the record in this case, [it was] unable to verify whether [Appellant] filed a previous post-conviction relief petition under either the Post-Conviction Hearing Act [] or PCRA at any point in the last [27] years." PCRA Court Opinion, 12/19/14, at 1 n.1. We have carefully reviewed the certified record and have likewise found no evidence of a prior post-conviction relief petition.

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Nonetheless, on December 19, 2014, the PCRA court issued an opinion explaining its rationale for dismissing the petition.

Appellant to litigate the entirety of his first PCRA petition without the aid of an attorney.[4]

Moreover, although Appellant did not claim that the PCRA court erred in failing to appoint counsel, our Supreme Court explained that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Commonwealth v. Albrecht*, 720 A.2d 693, 699 (Pa. 1998). Thus, we have held that "where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011).

In the case at bar, Appellant was deprived of his rule-based right to have appointed counsel litigate his first PCRA petition. As such, we vacate the order dismissing Appellant's PCRA petition and remand this case to the PCRA court with instructions to appoint counsel.

Order vacated. Case remanded. Jurisdiction relinquished.

---

[4] This Court has held that "even where a PCRA petition appears untimely, an indigent petitioner is entitled to counsel in order that a determination may be made as to whether any of the exceptions to the time limitation of [42 Pa.C.S.A. §] 9545(b) apply to the circumstances surrounding his [case]." *Commonwealth v. Ferguson*, 722 A.2d 177, 179 (Pa. Super. 1998).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2015