J-S96016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MORRIS WILLIAMS | |
| Appellant | No. 259 WDA 2016 |

Appeal from the PCRA Order December 21, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008406-1987

BEFORE: BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 12, 2017**

Morris Williams appeals from the December 21, 2015 order dismissing his PCRA petition as untimely filed. We vacate the order and remand for the appointment of counsel.

Appellant was convicted in this action of robbery after he and his co-defendant committed an armed robbery of Steven Davenport on July 5, 1987. Appellant was sentenced to seven and one-half to fifteen years imprisonment, and we affirmed on December 19, 1988. *Commonwealth v. Williams*, 555 A.2d 944 (Pa.Super. Docket No. 205 Pittsburgh 1988, filed

J-S96016-16

December 19, 1988).[1] The next docket entry appears on October 8, 2015, when Appellant filed his first PCRA petition *pro se*. In that petition, Appellant reported that he did not have counsel, was indigent, and wanted a lawyer appointed to represent him. Appellant's PCRA petition was dismissed as untimely. On appeal, Appellant raises these arguments:

> 1. Did ineffective Assistance of Counsel representation fall below standard of reasonableness, an counsel's deficient performance prejudice the appellant, violating rules of professional conduct an allowing others to do the same?

> 2. Did Judge Walter Little abuse His discretion by ignoring the commonwealths illegal procedure process of some robbery case that prosecutorial misconduct so infect the trial with unfairness as to make the resulting conviction a denial of due process?

Appellant's brief at 5.

This Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Roane***, 142 A.3d 79, 86 (Pa. Super. 2016)

_____

[1] We note that it is unclear whether Appellant is still serving the sentence imposed in this matter. He was convicted at criminal action numbers 87-07597 and 87-08029 of second degree murder and robbery in connection with an event that occurred on July 3, 1987. Appellant tried to rob Mark Brown, who was in the process of purchasing drugs from someone on the street, and then shot and killed the victim. We affirmed his sentence of life imprisonment imposed therein. ***See Commonwealth v. Williams***, 944 A.2d 944 (Pa.Super. Docket No. 644 Pittsburgh 1988, filed December 28, 1988) (unpublished memorandum). The record in this case does not indicate if the sentence was imposed consecutively to the life term imposed in that action. There is just a sentencing order in the certified record. Neither the Commonwealth nor the PCRA court indicated that Appellant is not serving a sentence for purposes of this action.

- 2 -

(quoting *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015)). "Any petition" filed under the PCRA "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). We agree with the PCRA court and the Commonwealth that Appellant's 2015 petition appears patently untimely. Appellant's judgment of sentence became final on January 18, 1989, thirty days after we affirmed on direct appeal, thus giving him until January 18, 1990, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Additionally, the present petition is not saved by the proviso included with the November 17, 1995 enactment of § 9545. That provision stated "that a petition where the judgment of sentence became final before the effective date of the amendments shall be deemed timely if the petitioner's **first petition** was filed within one year of the effective date of the amendments. *See* Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1)." *Commonwealth v. Alcorn*, 703 A.2d 1054, 1057 (Pa.Super. 1997) (emphasis in original). Section 9545 became effective on January 16, 1996. While Appellant's judgment of sentence was final prior to 1995, his petition was not filed by January 16, 1997, within one year of the effective date of the 1995 amendments, rendering that savings

- 3 -

clause inapplicable. Additionally, we are aware that Appellant's allegations of ineffective assistance of trial counsel do not fall within any of the enumerated exceptions to the one-year time bar. **Commonwealth v. Davis**, 816 A.2d 1129 (Pa.Super. 2003) (collecting cases).

Despite the rather obvious untimeliness of this petition, however, it is clear that Appellant was entitled to have counsel appointed to litigate it since it was the first PCRA petition that he presented in this action. Our Supreme Court articulated in **Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1999), that "denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." Consistently therewith, the *en banc* court in **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*) observed: "Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process."

The timeliness of the PCRA petition is irrelevant for purposes of entitlement to appointed counsel. In **Commonwealth v. Ferguson**, 722 A.2d 177 (Pa.Super. 1998), we held that where a defendant has asked for appointed counsel, a PCRA petition cannot be denied based upon a PCRA court's independent review and determination that the petition is untimely. This Court noted that there is an absolute right to appointed attorney for a first PCRA petition, even if a PCRA petition is facially untimely. **Accord**

***Commonwealth v. Evans***, 866 A.2d 442, 444 (Pa.Super. 2005); ***Commonwealth v. Guthrie***, 749 A.2d 502 (Pa.Super. 2000). These decisions likewise stand for the proposition that the improper deprivation of a first-time PCRA petitioner's right to counsel must be raised by this Court *sua sponte*. ***Commonwealth v. Stossel***, 17 A.3d 1286 (Pa.Super. 2011). Hence, we vacate the order and remand for the appointment of counsel.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/12/2017</u>