J-S08030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MANUEL COLLAZO, | : | |
| | : | |
| Appellant. | : | No. 2437 EDA 2018 |

Appeal from the PCRA Order Entered, August 1, 2018,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s):  CP-48-CR-0003539-2014.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 10, 2019**

Manuel Collazo appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act.  We affirm.

The pertinent facts and procedural history are as follows:  As his unarmed victim was fleeing, Collazo shot the victim in the back.  On March 27, 2015, Collazo tendered a negotiated guilty plea to aggravated assault and unlawful possession of a firearm, and the Commonwealth withdrew other charges, including a charge of attempted murder.  Following written and oral colloquies, the trial court sentenced Collazo, in accordance with his negotiated plea, to an aggregate term of 8½ to 20 years of imprisonment.

Although Collazo failed to file a timely post-sentence motion, the trial court granted his subsequent request to file the motion *nunc pro tunc*.  In his petition, Collazo claimed that the prior record score used to negotiate his

_____

* Former Justice specially assigned to the Superior Court.

sentence was incorrect. In the alternative, Collazo sought to withdraw his guilty plea. The trial court held a hearing on April 24, 2015, at which time Collazo informed the court that he did not wish to withdraw his plea, but requested a continuance regarding his post-sentence motion. Ultimately, the trial court denied Collazo's post-sentence motion on December 7, 2015.

Collazo filed a timely appeal to this Court. In this appeal, Collazo raised four issues, including a challenge to the discretionary aspects of his sentence and the voluntariness of his guilty plea. Finding no merit to any claim, we affirmed his judgment of sentence on January 19, 2017. **Commonwealth v. Collazo**, 160 A.3d 258 (Pa. Super. 2017) (unpublished memorandum). Collazo did not seek further review.

Collazo filed a *pro se* PCRA petition on February 28, 2018. According to the PCRA court:

> [The PCRA court] appointed counsel, conducted an issue framing conference and then brought [Collazo] in from SCI Houtzdale to conduct his PCRA hearing. The hearing was held on July 16, 2018, in which we took testimony from [Collazo]. Although guilty plea counsel was present, he was not called as a witness. Initially, the [Commonwealth] argued that the [PCRA petition] was filed beyond the jurisdictional [time frame] and should be dismissed. Arguably the [petition] may have been a few days late, still we accepted jurisdiction of this first PCRA[.]

Order of Court, 8/1/18, at 4. After hearing Collazo's testimony, the PCRA court granted PCRA counsel's request to file a brief. By order entered on August 1, 2018, the PCRA court denied Collazo's PCRA petition as meritless.

- 2 -

This appeal followed. Both Collazo and the PCRA court have complied with Pa.R.A.P. 1925.

Collazo raises the following issue on appeal:

I.    Whether the PCRA Court erred in denying the requested relief where ineffective assistance of counsel caused Collazo to enter an involuntary and unknowing plea?

Collazo's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the merits of Collazo's issue, we must first determine whether the PCRA court properly possessed jurisdiction to consider the merits of Collazo's first petition.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections

9545(b)(1)(i), (ii), and (iii), is met.[1]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[2]  Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal.  *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] Our legislature recently amended this section of the PCRA to provide petitioners one year to file a petition invoking at time-bar exception.  *See* Act of 2018, October 24, P.L. 894, No. 146.  This amendment does not apply to Collazo's petition.

Here, Collazo's judgment of sentence became final on February 21, 2017, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance appeal to the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Collazo had until February 21, 2018, to file a timely PCRA petition. As he filed the petition at issue on February 28, 2018, it is untimely, unless Collazo has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Collazo has failed to plead and prove an exception to the PCRA's time bar. At the PCRA hearing, the following exchange occurred between the parties and the PCRA court:

> [PROSECUTOR]: [B]ut if I can just clear something up. I'm not sure if this is untimely. [PCRA] counsel, I think in his [amended] petition, as alleged that the PCRA was filed - - I think he says February 19th, but it looks on my - -
>
> THE COURT: This is the first PCRA?
>
> [PCRA COUNSEL]: It is.
>
> [PROSECUTOR]: Correct.
>
> THE COURT: So even if it's not timely, I think I have to appoint counsel and make a record with regard to it. If it's a second PCRA and untimely, I don't believe that's necessary, but I think we need to make a record because it's a first filing no matter what, right?
>
> [PROSECUTOR]: The file stamp that I have, it appears to say February 28th.
>
> THE COURT: Isn't there a prisoner mailbox rule with regard to incarcerated defendants?
>
> [PROSECUTOR]: There may be, Judge.

> THE COURT: I think there is. I think it's good as of the date of mailing. Plus, it's pretty close because of the Superior Court's order was January 19th, 2017.
>
> [THE PROSECUTOR]: Correct.
>
> THE COURT: So that would make February 18th the cutoff date. And if it's just a couple days late, I think the Superior Court would still want me to make a record on the merits. So let's just move on then and not address the jurisdictional claim.

N.T., 7/16/18, at 4-5.

The PCRA court erred in not first addressing whether it in fact had jurisdiction. The PCRA court correctly concluded that, because this was Collazo's first PCRA petition, the court should appoint counsel even if the petition appears untimely. *See generally*, *Commonwealth v. Ferguson*, 722 A.2d 177 (Pa. Super. 2018). In addition, under the "prisoner mailbox rule," a PCRA petitioner's *pro se* PCRA petition is considered filed as of the date it was handed to prison officials for mailing. *Commonwealth v. Allen*, 48 A.3d 1283 (Pa. Super. 2012).

Here, however, there is no indication of when Collazo gave his petition to prison officials for mailing. In addition, the prisoner mailbox rule had no application in this case because Collazo acknowledged the untimeliness of his petition by asserting that he could establish one or more time-bar exception. *See Pro se* PCRA Petition, 2/28/18, at 3. PCRA counsel did not discuss these exceptions in the mistaken belief that Collazo timely filed his PCRA petition. Nevertheless, our review of Collazo's petition readily establishes that he did

not properly plead governmental interference, a newly discovered fact, or a new constitutional right.

In sum, because Collazo's first PCRA petition was untimely and he failed to plead and prove an exception to the PCRA's time bar, the PCRA court lacked jurisdiction to consider the merits of Collazo's petition. Nevertheless, because this Court can affirm on any basis supported by the record, ***Commonwealth v. Benner***, 147 A.3d 915 (Pa. Super. 2016), we affirm the order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19