J. S23037/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| NORMAN T. STEWARD, JR., | : | No. 3009 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered October 9, 2019,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0002043-2006

BEFORE:  NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 22, 2020**

Norman T. Steward, Jr., appeals **_pro se_** from the October 9, 2019 order entered in the Court of Common Pleas of Lehigh County that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the order and remand for the appointment of counsel and further proceedings pursuant to the PCRA.

The record reflects that a jury convicted appellant of criminal homicide – murder of the second degree, robbery, and conspiracy to commit robbery on October 24, 2007.[1]  On November 15, 2007, the trial court imposed a life sentence for the murder conviction and concurrent sentences of six to twelve years of incarceration for the robbery conviction and five to ten years

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), and 903(a)(1).

of incarceration for the conspiracy conviction. This court affirmed appellant's judgment of sentence on August 13, 2010. **Commonwealth v. Steward**, 11 A.3d 1024 (Pa.Super. 2010).[2]

On May 2, 2011, appellant filed a **pro se** PCRA petition. The PCRA court appointed counsel. On March 26, 2012, the PCRA court granted appellant's request to file a petition for allowance of appeal of this court's affirmance of appellant's judgment of sentence **nunc pro tunc**.[3] Appellant filed his petition seeking discretionary review on April 25, 2012. On March 1, 2013, our supreme court denied appellant's petition for allowance of appeal. **Commonwealth v. Steward**, 63 A.3d 1247 (Pa. 2013).

On August 27, 2019, appellant filed, **pro se**, the PCRA petition that is the subject of this appeal. The PCRA court filed a notice of intent to dismiss on September 10, 2019, pursuant to Pa.R.Crim.P. 907(1) wherein it erroneously concluded that appellant's judgment of sentence became final on June 27, 2013 pursuant to 42 Pa.C.S.A. 9545(b)(3). (Order of court, 9/10/19 at 1 n.1.) Appellant filed a **pro se** response on October 4, 2019. On October 9, 2019, the PCRA court entered the order that dismissed appellant's

---

[2] We note that the procedural history section of the PCRA court's Rule 1925(a) opinion contains errors with respect to various dates that are important to that history.

[3] We note that despite granting the requested relief and granting appellant the right to file a petition for discretionary review with our supreme court, the PCRA court went on to deny appellant's unrelated ineffectiveness assistance of counsel claim. (Order of court and accompanying memorandum opinion, 3/26/12.) This was error.

- 2 -

petition. Appellant filed a timely notice of appeal. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The PCRA court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> (A) Whether appellant[']s mental incompetence that caused four trips to State Hospital evidence for lack of due diligence as appellant was [d]iagnosed as paranoid-schizohprenic [sic] (a delusional mental illness)?
>
> (B) Whether the [trial] court erred in admitting the preliminary hearing testimony of Nathan Petruska at trial as [appellant] was not afforded a full and fair opportunity to cross[-]exsamine [sic] him?
>
> (C) Whether the [trial] court erred in allowing testimonial evidence to a recovered fire arm [sic] that the [C]ommonwealth never had in evidence lacking on the chain of custody therefore making the prosecution[']s presentation of no gun but [sic] testimony hearsay?
>
> (D) Whether appellant[']s trial counsel ineffective [sic] for failing to call witness Alberto Santiago to testify for [appellant], in which would [sic] have been contrary to the prosecution [sic] theory and as evidence of innocence for [appellant]?
>
> (E) Whether the [trial] court erred in allowing the testimony of Jarret Hursh, denying the truth of a out [sic] of court statement in which the trial [court] prejudicially gave jury instructions knowing his testimony is recanted and after the conspiracy has been terminated?

Appellant's brief at 3-4.

This court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Roane**, 142 A.3d 79, 86 (Pa.Super. 2016), quoting **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015). "Any petition" filed under the PCRA "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).

At the outset, we note that the PCRA court determined that this is appellant's second PCRA petition. (PCRA court opinion, 11/20/19 at 3.) That conclusion, however, is erroneous. When the PCRA court granted the relief that appellant requested in his first PCRA, which was reinstatement of his right to seek discretionary review with our supreme court with respect to his direct appeal, that reset the clock for the calculation of the finality of appellant's judgment of sentence for PCRA purposes. **See Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa.Super. 2008) (determining that where a successful PCRA petition neither restores petitioner's direct appeal rights nor disturbs the conviction, clock is not reset for the calculation of judgment of sentence for PCRA purposes). As such, the instant petition must be deemed appellant's first PCRA petition.

We further note that in order to be timely filed, a PCRA petition must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, appellant's judgment of sentence

became final on May 30, 2013, 90 days after our supreme court denied discretionary review and the deadline for filing a petition for writ of ***certiorari*** in the Supreme Court of the United States expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** U.S. Sup. Ct. R. 13(1) (stating, "[a] petition for a writ of ***certiorari*** seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, appellant's PCRA petition filed August 27, 2019, which was more than six years after his judgment of sentence became final, is patently untimely.

Notwithstanding the obvious untimeliness of appellant's PCRA petition, such untimeliness is irrelevant for purposes of entitlement to appointed counsel on a first PCRA petition. This court has held that there is an absolute right to appointed counsel for a first PCRA petition, even if a PCRA petition is facially untimely. ***See Commonwealth v. Ferguson***, 722 A.2d 177, 179 (Pa.Super. 1998); ***Commonwealth v. Evans***, 866 A.2d 442, 444 (Pa.Super. 2005); ***Commonwealth v. Guthrie***, 749 A.2d 502, 504 (Pa.Super. 2000). Additionally, our supreme court has held that "an indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation apply." ***Commonwealth v. Smith***, 818 A.2d 494, 499 (Pa. 2003). Finally, this court has held that "where an indigent, first-time

PCRA petitioner was denied his right to counsel — or failed to properly waive that right — this [c]ourt is required to raise this error **sua sponte** and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa.Super. 2011).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20