J-S17002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN WILLIAM LAWRENCE | |
| Appellant | No. 1198 MDA 2020 |

Appeal from the PCRA Order entered August 17, 2020
In the Court of Common Pleas of Wyoming County
Criminal Division at No: CP-66-CR-0000444-2013

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: AUGUST 19, 2021**

Appellant, Benjamin William Lawrence, appeals from the August 17, 2020 order of the Court of Common Pleas of Wyoming County denying his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546.  Upon review, we vacate and remand.

The background of the instant matter is not at issue.  Briefly, on December 14, 2015,[1] a jury convicted Appellant of nineteen counts of sexual assault perpetrated against his two stepdaughters.  The trial court sentenced Appellant to an aggregate term of not less than 120 nor more than 240 months' incarceration.  On appeal, we affirmed the conviction but vacated his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A December 14, 2014 trial resulted in a hung jury.

sentence and remanded for the court to resentence him without considering the mandatory minimums.[2]  ***See Commonwealth v. Lawrence***, No. 281 MDA 2017, unpublished memorandum at 14 (Pa. Super. filed January 23, 2018).[3]

On October 5, 2018, the trial court resentenced Appellant to the same term of incarceration but did not invoke the mandatory minimum sentences. Appellant timely appealed, challenging the discretionary aspects of his sentence.  We affirmed the judgment of sentence on July 16, 2019.  ***See Commonwealth v. Lawrence***, No. 1913 MDA 2018, unpublished memorandum at 4-7 (Pa. Super. filed July 16, 2019).  Appellant did not seek further review from our Supreme Court.

On July 31, 2020, Appellant *pro se* filed his first PCRA petition, alleging several errors, including ineffective assistance of counsel.  Still unrepresented, on August 17, 2020, the PCRA court denied Appellant's first PCRA petition as untimely.

---

[2] Appellant was sentenced to mandatory-minimum sentences pursuant to 42 Pa. C.S.A. § 9718.  In ***Commonwealth v. Wolfe***, 140 A.3d 651, 663 (Pa. 2016), our Supreme Court held that "[s]ection 9718 is irremediably unconstitutional on its face, non-severable, and void."  Because any sentence relying on these provisions was illegal, we needed to vacate his sentence. ***See Commonwealth v. Lawrence***, 1913 MDA 2018, *supra*, at *2, n.3.

[3] Our Supreme Court denied Appellant's petition for allowance of appeal on August 29, 2018.  ***See Commonwealth v. Lawrence***, 128 MAL 2018 (Pa. 2018).

On August 21, 2020, Appellant *pro se* filed a "Response to Rule to Show Cause," in which Appellant argued that his first PCRA petition was in fact timely.[4]

On September 16, 2020, Appellant (through counsel) filed a notice of appeal from the August 17, 2020 order.

On September 21, 2020, Jonathan W. Crisp, Esq., filed a *praecipe* for entry of appearance. On the same day, the PCRA court ordered Appellant to file a concise statement of matters complained of on appeal. Appellant complied. In his statement, Appellant argued that the PCRA court erred in finding his PCRA petition untimely. We agree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.

---

[4] There is no indication that the PCRA court entered a Rule to Show Cause order.

- 3 -

Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

As noted by Appellant and the Commonwealth, ***see*** Appellant's Brief at 11-12; Commonwealth's Brief at 2-3, the judgment became final at the expiration of the 30-day period to seek appeal before our Supreme Court. ***See*** Pa.R.A.P. § 1113(a); 42 Pa.C.S.A. § 9545(b)(3). Since our memorandum was filed on July 16, 2019, the judgment of sentence became final 30 days later, on August 16, 2019. Appellant had one year from August 16, 2019, or August 17, 2020,[5] to file a timely PCRA petition. ***See*** Pa.C.S.A. § 95454(b)(1). Because the underlying petition was filed on July 31, 2020, the petition was timely and the PCRA court erred in finding otherwise.

The PCRA court, however, erred on another matter, which we must mention due to its seriousness, even though it is not dispositive of the instant appeal.

---

[5] One year from August 16, 2019 was August 16, 2020. However, that day fell on a Sunday. ***See*** 1 Pa.C.S.A. § 1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day).

As noted, the record shows that the PCRA court dismissed Appellant's *pro se* first PCRA petition on the erroneous belief that it was untimely. However, the PCRA court could not have done so without the appointment of counsel to assist Appellant on his first PCRA petition.

In **Commonwealth v. Albrecht**, 720 A.2d 693 (Pa. 1998), our Supreme Court held that "denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." **Id.** at 699 (citation omitted). Similarly, in **Commonwealth v. Robinson**, 970 A.2d 455 (Pa. Super. 2009) (*en banc*), we observed: "Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Id.** at 457.

Additionally, the timeliness of the PCRA petition is irrelevant for purposes of entitlement to appointment of counsel. In **Commonwealth v. Ferguson**, 722 A.2d 177 (Pa. Super. 1998), we noted that there is an absolute right to an appointed attorney for a first PCRA petition, even if a PCRA petition is facially untimely. **See also Commonwealth v. Evans**, 866 A.2d 442, 444 (Pa. Super. 2005); **Commonwealth v. Guthrie**, 749 A.2d 502 (Pa. Super. 2000). These decisions also stand for the proposition that the improper deprivation of a first-time PCRA petitioner's right to counsel must be raised by this Court *sua sponte*. **Commonwealth v. Stossel**, 17 A.3d 1286 (Pa. Super. 2011).

Here, the record shows that Appellant obtained counsel on September 21, 2020, and is currently counseled. Thus, while we note the initial omission of counsel we need not remand for the appointment of counsel as Appellant is now counseled.

Because the PCRA court erroneously concluded that the underlying petition was untimely, we are constrained to vacate the order and remand to the PCRA court for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/19/2021