J. S42036/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
              v.             :
                              :
ANTOINE SHAWN WILLIAMS,      :       No. 109 MDA 2017
                              :
         Appellant     :

Appeal from the Order Entered October 26, 2015,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0004735-2009

BEFORE: OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JULY 31, 2017**

Antoine Shawn Williams appeals, ***pro se***, from the order entered

October 26, 2015, dismissing his PCRA[1] petition. We affirm.

The PCRA court has summarized the history of this matter as follows:

> In connection with the armed robbery of a local
> barber shop that occurred on November 21, 2008, in
> the city of Reading, Berks County, Pennsylvania,
> during which the owner, Scott Bitler, was killed,
> Antoine Shawn Williams ("Appellant") was charged
> with Criminal Homicide[Footnote 1], First Degree
> Murder[Footnote 2], Second Degree
> Murder[Footnote 3], Third Degree
> Murder[Footnote 4], Aggravated Assault[Footnote 5],
> Robbery[Footnote 6], Persons not to Possess, Use,
> Manufacture, Control, Sell or Transfer Firearms
> ("Persons not to Possess")[Footnote 7], Possessing
> the Instruments of Crime[Footnote 8], and
> Conspiracy to Commit Robbery[Footnote 9]. The
> Persons not to Possess charge was severed from the

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

other charges and the general "Homicide" charge was withdrawn. Following a weeklong trial, the Appellant was found guilty by a jury on January 14, 2011 of all the remaining charges: First, Second, and Third Degree Murder, Aggravated Assault, Robbery, Possessing the Instrument of a Crime, and Conspiracy to Commit Robbery.

[Footnote 1] 18 Pa.C.S.A. §2501(a).
[Footnote 2] 18 Pa.C.S.A. §2502(a).
[Footnote 3] 18 Pa.C.S.A. §2502(b).
[Footnote 4] 18 Pa.C.S.A. §2502(c).
[Footnote 5] 18 Pa.C.S.A. §2702(a)(1).
[Footnote 6] 18 Pa.C.S.A. §3701(a)(1)(A).
[Footnote 7] 18 Pa.C.S.A. §6105(a)(1).
[Footnote 8] 18 Pa.C.S.A. §907(a).
[Footnote 9] 18 Pa.C.S.A. §903(a)(1).

This Court sentenced Appellant on March 8, 2011. For the First Degree Murder conviction, which merged with Second and Third Degree Murder for purposes of sentencing, the Court imposed a mandatory life sentence. Appellant also received a consecutive term of ten to twenty years of incarceration for the Robbery conviction, and two-and-a-half to five years on the count of Possessing the Instrument of a Crime, which is also consecutive to the life sentence but concurrent with the Robbery sentence, for an aggregate total sentence of life plus ten to twenty years of incarceration. Counsel for the Appellant filed timely post-sentence motions on March 18, 2011, which this Court denied on March 22, 2011. Notice of Appeal to the Superior Court was filed on April 20, 2011. The Superior Court affirmed Appellant's judgment of sentence on August 29, 2012. Appellant filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which was denied on February 13, 2013. [***Commonwealth v. Williams***, No. 704 MDA 2011, unpublished memorandum (Pa.Super. filed Aug. 29, 2012), ***appeal denied***, 760 MAL 2012 (Pa. Feb. 13, 2013) (***per curiam***).]

On August 29, 2013, Petitioner, **pro se**, filed a timely Petition for Collateral Relief under the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). This Court appointed PCRA Counsel Osmer Deming, Esquire, to assist Petitioner with the disposition of his PCRA claims. **See Commonwealth v. Smith**, 818 A.2d 494 (Pa. 2003); **Commonwealth v. Ferguson**, 722 A.2d 177 (Pa.Super. 1998). Attorney Deming reviewed the entire official file, determined that there were no issues of merit, and, on July 8, 2014, filed a No-Merit Letter and Motion to Withdraw as Counsel pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) [(**en banc**)], and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). This Court conducted an independent review of the entire record and also concluded that Appellant failed to raise any cognizable grounds for PCRA relief. Accordingly, on September 22, 2015, we issued an Order and Notice of Intent to Dismiss the PCRA Petition. In our Notice of Intent to Dismiss, we fully reviewed Appellant's PCRA claims, both of which concerned ineffective assistance of counsel. The Berks County Clerk of Courts' Docket indicates that Appellant filed a timely response to our Dismissal Order on October 1, 2015. Due to a docketing error, however, this Court did not originally receive a copy of Appellant's response. Accordingly, we granted Attorney Deming's Motion to Withdraw and dismissed Appellant's PCRA Petition on October 26, 2015, without consideration of Appellant's response. We have since received and reviewed the response.

On May 24, 2016, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania, in which Appellant requested leave to appeal **nunc pro tunc** and sought court permission to file an amended PCRA petition. On June 8, 2016, we filed a Memorandum Opinion pursuant to Pa.R.A.P. 1925(a) requesting that the Superior Court remand the case so that we could review Appellant's October 1, 2015 response. On September 30, 2016, the Superior Court entered an Order quashing Appellant's appeal as untimely without prejudice for the trial court to

> address Appellant's Petition for Leave to Appeal **Nunc Pro Tunc**. Upon consideration of the Petition, the Order of the Superior Court, and Appellant's response to our PCRA Dismissal Order, this Court entered an Order on October 7, 2016, granting Appellant leave to appeal **nunc pro tunc** within thirty days, and denying Appellant's request to file an amended PCRA petition. This appeal followed.

PCRA court opinion, 1/10/17 at 1-3.

Appellant has raised the following issues for this court's review:

1. WHETHER THE PCRA COURT ERRED IN ADOPTING PCRA COUNSEL'S "NO-MERIT" **FINLEY** LETTER WHERE ISSUES OF MERIT WERE CONTAINED IN IN [SIC] THE CERTIFIED RECORD AVAILABLE TO THE PCRA COUNSEL FOR EXAMINATION AND REVIEW[?]

2. WHETHER THE PCRA COURT ERRED IN FAILING TO MAKE A DETERMINATION AND ISSUE A FINAL ORDER TO THE APPELLANT'S REQUEST FOR THE COURT'S PERMISSION TO AMEND HIS RESPONSE TO COURT'S INTENT TO DISMISS PURSUANT TO PA.R.CRIM.P. 907[?]

3. WHETER [SIC] THE ANNOUNCEMENT OF **MARTINEZ**[] **V.** [] **RYAN** IS A SUBSTANTIVE CAHNGE [SIC] IN LAW THAT ENTITLES THE EFFECTIVE ASSISTANCE OF COUNSEL ON AN INITIAL COLLATERAL REVIEW[?]

Appellant's brief at 4 (emphasis added).

"When reviewing an order [granting or] denying PCRA relief, we must determine whether the PCRA court's determination is supported by the record and is free from legal error." **Commonwealth v. Poplawski**, 852 A.2d 323, 327 (Pa.Super. 2004) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

***Commonwealth v. Turetsky***, 925 A.2d 876, 882 (Pa.Super. 2007), ***appeal denied***, 940 A.2d 365 (Pa. 2007), quoting ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004).

> To prevail on a claim that counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

***Commonwealth v. Malloy***, 856 A.2d 767, 781 (Pa. 2004) (citations omitted). "We presume counsel is effective and place upon Appellant the burden of proving otherwise. Counsel cannot be found ineffective for failing

to pursue a baseless or meritless claim." *Poplawski*, 852 A.2d at 327 (citations omitted).

Appellant raised two distinct issues in his *pro se* PCRA petition: 1) that trial counsel, Douglas Waltman, Esq., failed to effectively cross-examine prosecution witness Orlando Colon ("Colon"); and 2) that trial counsel was ineffective for failing to object to the jury instructions. Appointed PCRA counsel, Attorney Deming, thoroughly reviewed each of these issues and determined they were without merit for the reasons set forth in his *Turner*/*Finley* no-merit letter. ("No-Merit Letter," 7/8/14 at 10-13; Docket #69.)

Appellant now argues that Attorney Deming was ineffective for not uncovering additional issues of arguable merit. (Appellant's brief at 8-9.) Specifically, appellant contends that trial counsel was ineffective for failing to pursue a defense of diminished capacity. (*Id.* at 10-15.) In fact, Attorney Waltman did attempt to introduce evidence of diminished capacity in the form of an expert report prepared by Larry A. Rotenberg, M.D., a psychiatrist; however, in accordance with Pennsylvania law, the trial court refused to allow it where appellant had not admitted any involvement in the murder. Appellant argues that trial counsel failed to consult with him regarding a diminished capacity defense. (*Id.* at 11-12.) Although this issue is being raised for the first time on appeal, appellant argues that a thorough and independent review of the whole record would have revealed it

as an issue of arguable merit. Therefore, appellant contends that appointed PCRA counsel should not have been permitted to withdraw.

In this case, as stated above, Attorney Deming filed a petition to withdraw and a "no-merit" letter.

> In **Commonwealth v. Finley**, **supra**, this Court restated the procedures to be followed when counsel seeks to withdraw in post-conviction proceedings. **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988). In **Turner**, our supreme court endorsed an independent review by the court of the record as a follow-up to counsel's "no-merit" letter. The independent review necessary to secure a withdrawal request by counsel requires proof that:
>
> 1.   PCRA counsel, in a "no-merit" letter, has detailed the nature and the extent of his review;
>
> 2.   PCRA counsel, in the "no-merit" letter, lists each issue the petitioner wishes to have reviewed;
>
> 3.   PCRA counsel must explain, in the "no-merit" letter, why petitioner's issues are meritless;
>
> 4.   The PCRA court must conduct its own independent review of the record; and
>
> 5.   The PCRA court must agree with counsel that the petition is meritless.
>
> **See**, **Finley**, 379 Pa.Super. at 393, 550 A.2d at 215.
>
> In addition, this assessment by the PCRA court is, of course, subject to appellate scrutiny to assure that these constraints are followed. **See**, **Turner**, **supra**.

*Commonwealth v. Mosteller*, 633 A.2d 615, 617 (Pa.Super. 1993). Furthermore, pursuant to *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super. 2006), counsel must forward to the petitioner a copy of the "no-merit" letter and a statement advising the petitioner that, in the event the PCRA court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se* or with the assistance of privately retained counsel.

Instantly, Attorney Deming complied with all of the above requirements. He reviewed appellant's two issues raised in his *pro se* PCRA petition and concluded that neither had any merit. Attorney Deming further concluded that, after a thorough review of the record, he could find no other grounds for relief. The PCRA court, after conducting its own independent review, agreed with Attorney Deming that there were no meritorious issues entitling appellant to relief.

The issue concerning diminished capacity was raised for the first time in appellant's Rule 1925(b) statement and is deemed waived. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." (quotation marks and citations omitted)); 42 Pa.C.S.A. § 9544(b). Furthermore, to the extent appellant now claims that Attorney Deming was ineffective for filing a petition to withdraw and "no-merit" letter, the claim is both waived and meritless. It is well

established that allegations of PCRA counsel's ineffectiveness cannot be brought for the first time on PCRA appeal. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014) (***en banc***) (citations omitted); ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009). Therefore, appellant's allegation of PCRA counsel's ineffectiveness is deemed waived. In his ***pro se*** response to Rule 907 notice, appellant merely reiterated his claim regarding the allegedly deficient cross-examination of Colon. (Docket #71.) Appellant did not argue, as he does now, that Attorney Deming was ineffective for failing to uncover additional issues of merit, including rejection of Dr. Rotenberg's report in support of a diminished capacity defense.

In addition, Attorney Deming cannot be held ineffective for merely petitioning to withdraw as he is permitted to do under ***Turner***/***Finley***. ***See Commonwealth v. Cherry***, 155 A.3d 1080, 1083 (Pa.Super. 2017) ("When appointed, counsel's duty is to either (1) amend the petitioner's ***pro se*** Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of ***Turner***/***Finley***." (footnote omitted)). Counsel complied with the requirements for withdrawal as set forth in ***Turner***/***Finley***, and the PCRA court determined that there were no potentially meritorious issues which

could be raised in a counseled amended PCRA petition.[2] (**See** PCRA court opinion, 1/10/17 at 5 ("PCRA Counsel complied with these requirements and fulfilled his obligations in a competent manner consistent with the directives of this Court.").)

Next, appellant argues that the PCRA court erred in denying his request to file an amended petition. (Appellant's brief at 16.) However, appellant does not set forth what additional issues he wanted to raise in an

---

[2] At any rate, appellant's claim that trial counsel was ineffective in connection with the diminished capacity defense is belied by the record.

> Diminished capacity is a limited defense, which does not exculpate the defendant from criminal liability entirely, but instead negates the element of specific intent. **Commonwealth v. Gibson**, 597 Pa. 402, 951 A.2d 1110, 1131-32 (2008) (citations omitted). Thus, a defendant asserting a diminished capacity defense admits responsibility for the underlying action, but contests the degree of culpability based upon his inability to formulate the requisite mental state. **Id.** at 1132.

**Commonwealth v. Williams**, 980 A.2d 510, 527 (Pa. 2009). As the PCRA court observes, diminished capacity would not apply where appellant's defense was that he had nothing to do with the shooting of Bitler. (PCRA court opinion, 1/10/17 at 8-9.) Appellant did not admit responsibility for the underlying crime. Therefore, the defense of diminished capacity, which may only be used to reduce murder from a higher degree to a lower degree, was unavailable. In addition, there was extensive discussion regarding the admission of Dr. Rotenberg's report and whether or not appellant could assert a defense of diminished capacity while simultaneously arguing his absolute innocence. (Notes of testimony, 1/10-14/11 at 465-475.) Trial counsel made it very clear that appellant was not prepared to concede that he was guilty of any of the charged offenses. (**Id.** at 471-472.) Appellant's claim that he was deprived of an opportunity to present a diminished capacity defense at trial is demonstrably frivolous.

amended petition, except a generalized allegation that PCRA counsel was ineffective. (*Id.*) As discussed above, Attorney Deming conscientiously reviewed both claims advanced in appellant's *pro se* PCRA petition and determined, after thoroughly reviewing the entire official record, that each claim was meritless. The PCRA court determined, after considering appellant's October 1, 2015 *pro se* response to Rule 907 notice, that he failed to establish any grounds upon which relief could be granted under the PCRA. (PCRA court opinion, 1/10/17 at 7.) The PCRA court did not err in denying appellant's request to file an amended petition.

Finally, appellant claims that the United States Supreme Court case of *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012), somehow applies to his case. (Appellant's brief at 17-19.) Appellant is mistaken. The High Court in *Martinez* held that,

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal *habeas* court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17, 132 S.Ct. at 1320. The *Martinez* Court recognized a narrow exception to the rule enunciated in *Coleman v. Thompson*, 501 U.S. 722 (1991), that an attorney's errors in a post-conviction proceeding do not qualify as cause for a default.

Obviously, this is a state case and does not involve federal *habeas* proceedings, let alone the procedural default rule. *Martinez* is wholly inapposite.

For these reasons, we conclude that the PCRA court did not err in permitting Attorney Deming to withdraw and dismissing appellant's petition without an evidentiary hearing. As such, we will affirm the order dismissing appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017