J-S40030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE J. BROWN | : | |
| | : | No. 2699 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order July 13, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0011343-2007

BEFORE: LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 12, 2018**

Appellant, Tyree J. Brown, appeals *pro se* from the order dismissing his second petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as untimely.  We affirm on the basis of the PCRA court's opinions.

In its opinions, the PCRA court aptly explains the factual and procedural history of this case.  (*See* PCRA Court Opinion, 12/15/17, at 1-8; PCRA Ct. Op., 7/21/14, at 1-11).  Therefore, we need not recount them at length here.

We note briefly for the convenience of the reader that on February 23, 2009, Appellant entered a counselled, negotiated guilty plea to third degree murder and related offenses in connection with an armed robbery of a convenience store perpetrated by Appellant and his co-conspirator on June

_____
* Retired Senior Judge assigned to the Superior Court.

25, 2007. During the course of the robbery Appellant wounded the store's owner with a sawed off shotgun. His co-conspirator killed a customer. Appellant confessed to these crimes. The guilty plea avoided a mandatory term of life imprisonment for second-degree murder. The court sentenced Appellant to an aggregate term of not less than twenty-eight years' nor more than sixty years of incarceration in a state correctional institution.

Appellant's judgment of sentence became final on March 25, 2009, thirty days after the entry of his negotiated plea on February 23, 2009. Appellant filed his first PCRA petition July 16, 2012, three years after his judgment of sentence became final. The PCRA court dismissed the appeal, this Court affirmed, and our Supreme Court denied allowance of appeal. (**See** PCRA Ct. Op., 12/15/17, at 1-2). More than six years after his judgment of sentence became final, Appellant filed the instant second PCRA petition, *pro se*, on October 22, 2015. It was untimely by over six years.

Appellant raises eight questions on appeal.

[1.] Did [Appellant] request [ ] an appeal?

[2.] Was counsel ineffective for failing [to file a] requested appeal?

[3.] Did trial counsel completely disregard his client's requested appeal?

[4.] Did trial counsel completely disregard state and federal requirements to file an ***Anders***[1] brief to be excused from representation?

[5.] Did counsel just ignore his client's constitutional right to an appeal?

[6.] Since [counsel] was never properly excused from record is it safe to say [he] still represent[s Appellant] client?

[7.] Did [Appellant] properly meet [exception] standards?

[8.] Did [Appellant] fall under the "public record" standards?

(Appellant's Brief, at 3).

On June 21, 2018, Appellant also filed a *pro se* application for relief, citing Pennsylvania Rule of Appellate Procedure 2185, (Time for Serving and Filing Briefs), and Pa.R.A.P. 2188, (Consequence of Failure to File Brief, and Reproduced Records). Appellant asked this Court to bar the Commonwealth's brief, unless this Court gave it permission to proceed. (***See*** Application (Motion), 6/21/18). The Commonwealth served its brief, late after extensions, on July 2, 2018.

Our standard and scope of review for PCRA claims are well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it

_____

[1] ***See Anders v. California***, 386 U.S. 738 (1967). The brief that accompanies court-appointed appellate counsel's petition to withdraw from representation is commonly referred to as an ***Anders*** brief. ***See Commonwealth v. Santiago***, 978 A.2d 349, 351 n.1 (Pa. 2009).

is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). Additionally,

[T]he time limitations pursuant to . . . the PCRA are jurisdictional. [Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

*Id.* at 140–41 (citations omitted).

Here, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Leon W. Tucker, we conclude that Appellant's petition is untimely with no statutory exception to the one-year PCRA time limit pleaded and proven. Accordingly, we affirm on the basis of the trial court's opinions.

Moreover, we note the confirmation by the PCRA court that Appellant's multiple claims of ineffective assistance and abandonment of trial counsel were previously litigated in his 2014 appeal. (*See* PCRA Ct. Op., 12/15/17, at 1-8; *see also* PCRA Ct. Op., 7/21/14, at 1-11).

Order affirmed. Motion to bar Commonwealth's brief denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/12/18</u>

CP-51-CR-0011343-2007 Comm. v. Brown, Tyree J.
Opinion

| COMMONWEALTH OF PENNSYLVANIA | | COURT OF COMMON PLEAS FIRST JUDICIAL DISTRICT |
|---|---|---|

**COMMONWEALTH OF PENNSYLVANIA**

v.

**TYREE J. BROWN**

**COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT**

CP-51-CR-0011343-2007

**SUPERIOR COURT NO.**

**1228 EDA 2014**

FILED

JUL 21 2014

Criminal Appeals Unit
First Judicial District of PA
OPINION

**LEON W. TUCKER, J.**                                      **DATE: July 21, 2014**

## I. PROCEDURAL HISTORY

This matter comes before the Superior Court of Pennsylvania on appeal from the dismissal of Appellant Tyree Brown's (hereinafter referred to as "Brown") *pro se* Post-Conviction Relief Act Petition (hereinafter referred to as "PCRA Petition").

On February 23, 2009, pursuant to negotiation between the parties, Brown pled guilty to the following offenses: Murder of the Third Degree ("Murder"), 18 PA.C.S. § 2502(c); Robbery – Threatening Serious Bodily Injury ("Robbery"), 18 PA.C.S. § 3701(a)(1)(ii); and Criminal Conspiracy – Engaging in Murder of the Third Degree ("Conspiracy"), 18 PA.C.S. § 903(a)(1). On February 23, 2009, the Court sentenced Brown to the following terms of incarceration: twenty to forty (20-40) years incarceration for Murder, consecutive to eight to twenty (8-20) years incarceration for Robbery to run concurrently with eight to twenty (8-20) years incarceration for Conspiracy. Brown was represented by Daniel Stevenson, Esquire at trial. Because Brown did not file a post-sentence motion or notice of appeal, his sentence became final thirty days from sentencing, March 25, 2009. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903.

Brown allegedly asked Trial Counsel to file an appeal on the date of his sentencing, February 23, 2009. PCRA Pet. at 2. Brown allegedly never heard from Trial Counsel and wrote a letter inquiring about the status of his appeal on March 25, 2009. *Id.* Attached to Brown's PCRA

Petition was a letter appearing to be from Brown to Trial Counsel. PCRA Pet. (Ex. A). Contrary to his claim that he sent a letter March 25, 2009, the letter attached to his petition is dated March 5, 2009, and indicates that it was Brown's second letter to Trial Counsel although Brown's Petition is silent regarding other letters. *Id.*

Approximately three years later, on March 19, 2012, Brown alleges that he wrote the Superior Court of Pennsylvania to inquire about the status of his appeal. PCRA Pet. at 2. On June 4, 2012, Brown was allegedly informed by the Prothonotary's Office of the Superior Court that they had no appeal on file. *Id.* Brown attached the alleged letter from the Prothonotary's Office to his Petition. PCRA Pet. (Ex. A).

On July 6, 2012, Brown untimely filed a *pro se* PCRA Petition, therein asking the Court to reinstate his appeal rights because Trial Counsel was ineffective and abandoned him because counsel did not file Brown's requested appeal. Brown's sentence became final on March 25, 2009 as no motion or notice of appeal was filed. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Brown then had one year, until March 25, 2010, to file a PCRA Petition. 42 Pa.C.S. § 9545(b)(1). Thus, Brown's *pro se* PCRA Petition on July 6, 2012 was more than two years after the statute of limitations expired and more than three years after his sentence became final.

On August 9, 2012, Brown filed an untimely Motion to Amend his *pro se* PCRA Petition, characterizing his claim as one upon which the facts were unknown to him and could not have been ascertained by the exercise of due diligence. PCRA Pet. Amend. Brown further claimed that since he was not aware of the facts until he received notice from the Prothonotary's Office of the Superior Court on June 4, 2012, his claim was presented well within 60 days. *Id.* On May 5, 2013, Brown was appointed PCRA Counsel, John P. Cotter, Esquire.

2

On September 24, 2013, PCRA Counsel, acting in accordance with *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), filed a Motion to Withdraw as Counsel and a letter stating that the issues raised in Brown's *pro se* PCRA petition were meritless and that no issues of arguable merit could be raised in a counseled petition.

On January 13, 2014, after conducting its own independent review of the record, this Court agreed with PCRA Counsel and issued Notice of Intent to Dismiss pursuant to *Pa. R.Crim.P. 907*. Brown filed his response on February, 7, 2014. The Court formally dismissed Brown's PCRA petition by order dated March 17, 2014 and granted PCRA Counsel leave to withdraw from further representation of Brown.

On April 10, 2014, Brown timely filed a Notice of Appeal to the Superior Court. On April 17, 2014, the Court ordered Brown to file a Concise Statement of Matters Complained of pursuant to *Pa.R.A.P. 1925(b)* ("1925(b) Statement"). On May 7, 2014, Brown complied and filed his 1925(b) Statement wherein stating the following claims of error:

1. The PCRA court erred in denying Appellant's PCRA petition without a hearing in light of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Commonwealth v. Grant*, 813 A.2d 726 (Pa. Super. 2002).

2. PCRA counsel was ineffective in failing to properly investigate Appellant's issues and file a proper amended petition to restore Appellant's direct appeal rights as required under the cases of *Martinez* and *Grant*.

3. Trial counsel was ineffective in failing to comply with Appellant's wishes to submit reconsideration and/or direct appeal when inquired by trial court as to Appellant's intentions to appeal in violation with the holding in *Roe v. Flores-Ortega*, 120 S.Ct. 1029 (2000).

4. Trial counsel was ineffective in waiving pre-sentence investigation report and depriving trial court the opportunity to review and assess Appellant's prior record, characteristics, etc. in consideration of sentencing where circumstances clearly depict no reasonably competent lawyer would have done so thus depriving Appellant of his entitlements under U.S. CONST. amend. VI, XIV and Pa. Const. Art. 1 § 9.

3

5. Trial court erred in imposing 28-60 year term, where Appellant's ranking was a "2" under the sentencing guidelines, where the sentence on such ranking was at 96 months, and where the court failed to provide contemporaneous written statement of its reasons for imposing a term exceeding the guidelines, violating the holding in *Commonwealth v. Mickell*, 598 A.2d 1003 (Pa. Super. 1991).

6. PCRA court erred in accepting PCRA Counsel's "no merit" letter and failed to require counsel to properly represent Appellant's issues as mandated in the case of *Evitts v. Lucey*, 105 S.Ct. 830 (1985) and *Commonwealth v. Priovolos*, 746 A.2d 621 (Pa. Super. 2000).

## II.    Facts

The following facts were presented by the Commonwealth and admitted as true by Brown in court. N.T. Trial (02/23/09) 14-18:

At approximately 1:03AM on June 25, 2007, Brown and codefendant were outside a local store. *Id.* at 14. Around the same time, Layee Bility, the victim, parked his car and entered the store. *Id.* at 14-15. After watching Bility enter, Brown and codefendant decided to rob him. *Id.* at 15. Codefendant had a revolver and Brown retrieved a sawed-off shotgun from around the corner. *Id.*

Upon entering the store with their weapons, Brown and codefendant surrounded Bility and Brown discharged his shotgun. *Id.* The blast pierced through plexiglass in the store and injured the owner Lin Liu who was behind the glass. *Id.* at 15-16. The blast did not hit Bility, but caused him to fall. *Id.* at 15. Codefendant subsequently fired into Bility's chest and twice into his back. *Id.* at 16. Codefendant then left the store and Brown followed after. *Id.* Some proceeds were taken from Bility's body, but some money was left on the ground nearby. *Id.* The incident was captured on the store's video surveillance tape. *Id.*

Liu, the store owner, was able to identify the codefendant, who subsequently identified Brown. *Id.* at 16. Brown gave a full confession to homicide detectives admitting his role in the robbery, his possession of the shotgun, and that the shotgun discharged during the incident. *Id.* at

4

16-17. In exchange for Brown's admissions, the Commonwealth lowered the original charge from Murder of the Second Degree to Murder of the Third Degree. *Id.* at 17. A discussion ensues.

## III.    Legal Analysis

### A. Brown has waived all issues not properly raised in his 1925(b) Statement.

It is well settled that when the trial court orders an appellant to submit a 1925(b) Statement, it is a crucial component of the appellate process. *Commonwealth v. Lord,* 719 A.2d 306, 307 (Pa. 1998). *Pa.R.A.P. 1925(b)* requires that the statement of issues complained of shall be concise and set forth only those rulings or errors that appellant intends to challenge. Pa.R.A.P. 1925(b)(4)(i). Issues not raised in accordance with the provisions of *Pa.R.A.P. 1925(b)* are waived. Pa.R.A.P. 1925(b)(4)(vii).

It is also well settled that when the trial court orders an appellant to submit a 1925(b) Statement, that statement must indicate, with *specificity,* the error to be addressed on appeal. *Commonwealth v. McCree,* 857 A.2d 188, 192 (Pa. Super. Ct. 2004) (emphasis added). Furthermore, even if by chance the trial court correctly guesses the issues the appellant raises on appeal and writes an opinion pursuant to that supposition, the issues are still waived. *Commonwealth v. Heggins,* 809 A.2d 908, 911 (Pa. Super. 2002).

Here, in his 1925(b) Statement, Brown did not raise any exceptions to the statute of limitations contained in *42 Pa.C.S. 9545(b).* Therefore, all claims regarding the timeliness of Brown's PCRA Petition are waived. 42 Pa. C.S. § 9545(b)(1). However, Brown did allege an exception in his untimely Motion to Amend his PCRA Petition. The Court understanding that Brown proceeds *pro se,* guessed that Brown intended to preserve the claimed exception on appeal. This is not the Court's usual custom. Even if the Court properly guessed Brown's

5

claimed exception, it is waived on appeal for his failure to comply with *Pa.R.A.P. 1925(b)*. Even considering the claimed exception, Brown's raised issues are nonetheless without merit.

## B. Brown's PCRA Petition is untimely without exception.

Under *42 Pa. C.S. §9541 et seq.*, commonly known as the Post-Conviction Relief Act, a petitioner must prove by a preponderance of the evidence that his allegations of error have not been previously litigated or waived in order to be eligible for relief. 42 Pa. C.S. §9543(a)(3). In addition, a PCRA petition, including a second or subsequent petition, must ordinarily be filed within one year of the date the underlying judgment becomes final. 42 Pa. C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa. C.S. § 9545(b)(3).

Here, Brown was sentenced on February 23, 2009. Because Brown did not file a post-sentence motion or notice of appeal, his sentence became final thirty days from his hearing, March 25, 2009. 42 Pa. C.S. § 9545(b)(3); Pa.R.A.P. 903. Brown filed his PCRA Petition on July 6, 2012; over three (3) years after the date of finality. Brown's PCRA Petition is untimely pursuant to *42 Pa.C.S. § 9545(b)(1)*. Therefore Brown's PCRA claim is untimely.

Despite the one-year filing deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of three narrow exceptions. 42 Pa. C.S. § 9545(b)(1)(i)-(iii). A petitioner must plead these exceptions explicitly and satisfy the burden of proof; these exceptions must be raised within sixty (60) days of the date the claim could have been presented. *Id.* at § 9545(b)(2). Outside of these narrow exceptions, Pennsylvania courts have no jurisdiction to address the substantive merits of PCRA petitions that are untimely without exception. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

6

Here, Brown claims § 9545(b)(1)(ii) applies - "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." PCRA Pet. Amend. When establishing such a claim, a petitioner must take reasonable steps to protect his own interests, and explain why he could not have obtained the alleged new facts earlier to demonstrate due diligence. *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (internal citations omitted).

In his 1925(b) Statement, Brown claims that Trial Counsel was ineffective at trial and abandoned him by not filing a direct appeal. 1925(b) Staement ¶¶ 3-4. The Court assumes that Brown intended to preserve the related issue that his ineffective assistance of counsel claim is timely pursuant to the after-discovered evidence exception to the statute of limitations. PCRA Pet. Amend.

Initially, the Court notes that, pursuant to *42 Pa. C.S. § 9545(b)(2)*, Brown has a burden of proving that he raised his after-discovered evidence claim within sixty (60) days of the date the alleged new facts were discovered. In regards to after-discovered evidence and claims of counsel ineffectiveness, the Court in *Commonwealth v. Carr*, 768 A.2d 1164, 1165, 1167 (Pa. Super. 2001), held that a defendant's recent discovery of Trial Counsel's failure to file a direct appeal on his behalf, does not constitute after-discovered evidence, and that such claims cannot be used to circumvent the PCRA's statutory time bar. Specifically, the petitioner in *Carr* argued, as here, that Trial Counsel failed to file a requested direct appeal. *Id.* at 1166. In holding that petitioner's claim did not qualify as after-discovered evidence, the Court stated that, absent a showing of due diligence, "the mere discovery of trial counsel's failure to file a direct appeal, after the one-year window to file a PCRA petition, does not place [the petitioner] under

7

subsection 9545(b)(1)(ii)." *Id.* at 1168. Accordingly, the PCRA Court in *Carr* lacked jurisdiction to entertain [the petitioner's] petition for relief." *Id.* at 1168.

First, Brown's claim is unavailing under *Carr*. Brown claims that his counsel was ineffective for failing to file a direct appeal. Such a claim does not qualify under the after-discovered evidence exception. *Carr*, 768 A.2d at 1168. The Court also observes that Brown did not meet his burden of showing diligence in discovering that Trial Counsel was ineffective at trial and did not file an appeal. Brown has failed to present to the Court any evidence of any reason why, through the exercise of due diligence, the fact that counsel was ineffective at trial and did not file an appeal was not discoverable to him in the three years between his sentencing and PCRA Petition. *Monaco*, 996 A.2d at 1080.

Second, Brown did not meet his burden of showing that he raised his after-discovered evidence claim within sixty (60) days of the date the alleged new facts were discovered. 42 Pa.C.S. § 9545(b)(2). Brown's initial PCRA Petition filed July 6, 2012 merely made a claim of ineffective counsel. Brown did not characterize his claim as an after-discovered evidence claim until he filed a Motion to Amend his original Petition on August 9, 2012. August 9, 2012 was 66 days from which Brown claims he first learned Trial Counsel abandoned him. PCRA Pet. Thus, Brown has failed to meet the sixty (60) day timeliness requirement for his claim that Trial Counsel ineffectiveness is after-discovered evidence. Without explanation or excuse, Brown waited three years to write the Superior Court after Trial Counsel failed to respond to his letter. Brown could have and should have inquired much sooner. Brown's claim of after-discovered evidence fails.

### C. Brown's claim that his sentence was improper is without merit.

Brown claims the trial court erred in imposing his sentence of 28-60 years where Brown's "ranking was a 2 under the sentencing guidelines, where the sentence on such ranking

8

was at 96 months, and, where the court failed to provide contemporaneous written statement of its reason(s) for imposing a term exceeding the guidelines" thus violating *Commonwealth v. Mickell*, 598 A.2d 1003 (Pa. Super. 1991). 1925(b) Statement ¶ 5.

In reviewing Brown's untimely PCRA Petition and his Motion to Amend, the Court finds that Brown raised the claim of illegal sentence for the first time in his 1925(b) Statement. *Id.*; PCRA Pet.; PCRA Pet. Amend. Therefore, pursuant to *Pa.R.A.P. 302(a)*, issues not raised in the lower court are waived and cannot be raised for the first time on appeal.

Brown's claim of illegality of sentence is also untimely. He has not alleged or attempted to prove any *§ 9545(b)(1)* exceptions to the one-year deadline for this claim. PCRA Pet; 1925(b) Statement. The claim is therefore also time-barred and without merit.

While not required to do so, the Court reviewed Brown's claim and determined his sentence was proper. Brown's prior record score was "2," but his offense gravity score was "14" for Murder in the Third Degree pursuant to *204 Pa. Code § 303.15*. Brown's claim that the maximum sentence allowed was 96 months is incorrect. According to the sentencing matrix in *204 Pa. Code § 303.16(a)*, a prior record score of "2" and an offense gravity score of "14" has a 96-year statutory limit. Therefore, Brown's sentence of 28-60 years was proper as it is well below the 96-year statutory limit.

### D. PCRA Counsel properly and effectively investigated Brown's PCRA petition.

Brown claims PCRA counsel was ineffective in failing to properly investigate Brown's issues and file a properly amended petition as required under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Commonwealth v. Grant*, 813 A.2d 726 (Pa. Super. 2002). 1925(b) Statement ¶ 2. Brown also claims the PCRA court erred in accepting PCRA Counsel's "no merit" letter and

9

failing to require Counsel to properly represent Brown as mandated by *Evitts v. Lucey*, 105 S.Ct. 830 (1985) and *Commonwealth v. Priovolos*, 746 A.2d 621 (Pa. Super. 2000). 1925(b) Statement ¶ 6.

A PCRA petitioner is entitled to have counsel appointed on a first PCRA Petition to make a determination as to whether the claim has merit. *Commonwealth v. Ferguson*, 722 A.2d 177 (Pa. Super. Ct. 1998). Pursuant to *Finley*, 550 A.2d 213, and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. Super. Ct. 1988), if, after due investigation, appointed PCRA counsel believes that no merit for any PCRA claim exists, counsel may petition to withdraw his appearance.

Upon independent review, if the Court agrees that PCRA counsel has satisfied the requirements laid out in *Finley* concerning counsel's review of the file, and agrees with the conclusion that no merit exists as to the issues raised in the *pro se* PCRA Petition, the court may permit PCRA counsel to withdraw and dismiss the petition without a hearing. *Commonwealth v. Glover*, 738 A.2d 397, 420 (Pa.Super. Ct. 1999).

Here, after conducting its own review of the record, the Court agreed with PCRA Counsel and found the issues raised in Brown's *pro se* PCRA Petition to be without merit because the sentence given was legal and Brown's PCRA was untimely. Therefore, the Court properly dismissed Brown's *pro se* PCRA Petition and granted appointed PCRA counsel leave to withdraw.

### E. The Court properly dismissed the action without holding an evidentiary hearing.

Brown argues that he was entitled to an evidentiary hearing in light of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Commonwealth v. Grant*, 813 A.2d 726 (Pa. Super. 2002). 1925(b) Statement ¶ 1.

10

Under the Pennsylvania Rules of Criminal Procedure, a trial court may dismiss a PCRA petition without a hearing only if the Court determines that there are no genuine issues of material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. Pa.R.Crim.P. 907. There is no absolute right to an evidentiary hearing on a PCRA petition. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). Here, the Court determined that there are not genuine issues of material fact; Brown's claims are time-barred. There is no dispute of fact regarding the untimeliness of Brown's PCRA Petition. Brown is not entitled to post-conviction collateral relief.

## IV. Conclusion

Brown has waived numerous claims in his 1925(b) Statement by raising them for the first time on appeal or by not alleging exceptions to the statute of limitations. Despite waiving most of them, the Court found Brown's claims to be without merit nonetheless. Upon independent review of the record, this Court agreed with appointed PCRA counsel that Brown's *pro se* PCRA Petition lacked merit. As no issues of material facts existed, no evidentiary hearing was required. This Court's ruling should stand.

BY THE COURT:

LEON W. TUCKER, J.

11

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CRIMINAL TRIAL DIVISION

## COMMONWEALTH V. TYREE BROWN, CP-51-CR- 0011343-2007, 1228 EDA 2014

Opinion

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s) and in the manner indicated below, which service satisfies the requirements of PA.R.CRIM.P. 114:

*Defense Counsel/Party:*  John P. Cotter, Esquire
2541 S. Broad Street
Philadelphia, Pa 19148

*Type of Service:*  ( ) Personal   ( X ) First Class Mail ( ) Other

*District Attorney:*  Hugh Burns, Jr., Esquire
PCRA Unit, District Attorney's Office
Widener Building
3 South Penn Sq.
Philadelphia, PA 19107

*Type of Service:*  ( ) Personal   ( X ) First Class Mail ( ) Other

*Petitioner:*  Mr. Tyree Brown
HY-1394
SCI Forest
PO Box 945
Marienville, PA 16239-0307

*Type of Service:*  ( ) Personal   ( ) First Class Mail   ( X ) Certified Mail

Dated: 7/21/14

Law Clerk's Signature

12

Received

DEC 15 2017

Office of Judicial Records
Appeals/Post Trial

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| | : | |
| | : | **Superior Court No.** |
| v. | : | **2699 EDA 2017** |
| | : | |
| | : | |
| **TYREE BROWN** | : | **CP-51-CR-0011343-2007** |

This appeal comes before the Superior Court following the dismissal of a Post Conviction Relief Act[1] ("PCRA") petition filed on October 22, 2015 by Tyree J. Brown (hereinafter "Petitioner").

### I. Procedural History

On February 23, 2009, pursuant to negotiation between the parties, Petitioner entered a guilty plea on the charges of third degree murder[2], robbery[3], and criminal conspiracy[4]. On February 23, 2009, this court sentenced Petitioner to twenty to forty (20-40) years incarceration for murder, consecutive to eight to twenty (8-20) years incarceration for robbery to run concurrently with eight to twenty (8-20) years incarceration for conspiracy. Petitioner did not file any post-sentence motions or appeal his judgment of sentence thus Petitioner's sentence became final on March 25, 2009, thirty (30) days after sentencing.[5]

On July 16, 2012, three years after his judgment of sentence became final, Petitioner filed his first PCRA petition claiming ineffective assistance of trial counsel. On January 13, 2014,

---

[1] 42 Pa. C.S. §§ 9541-9546 (West 2016).
[2] 18 Pa. C.S. § 2502(c) (West 2016).
[3] 18 Pa. C.S. § 3701(a)(1)(ii) (West 2016).
[4] 18 Pa. C.S. § 903(a)(1) (West 2016.)
[5] 42 Pa. C.S. § 9545 (b)(3); Pa. R.A.P. 903 (West 2016).

CP-51-CR-0011343-2007 Comm. v. Brown, Tyree J.
Opinion



8044354661

the Honorable Judge Leon W. Tucker issued a "notice of intent to dismiss" ("907 notice") pursuant to *Pa. R. Crim.P. Rule 907*. The PCRA court formally dismissed the petition on March 17, 2014. The Superior Court of Pennsylvania affirmed the denial of the PCRA petition on February 13, 2015. *Commonwealth v. Brown*, 120 A.3d 381 (Pa. Super 2014). On January 30, 2015 the Pennsylvania Supreme Court denied a petition for allowance of appeal. *Commonwealth v. Brown*, 117 A.3d 1280 (Pa. 2015).

The Petitioner filed the instant untimely *pro se* PCRA, his second, on October 22, 2015. Petitioner subsequently filed two amended PCRA petitions on January 14, 2016, and July 20, 2016. The court issued a 907 notice on May 31, 2017, and formally dismissed the petition as untimely on July 13, 2017.

On August 10, 2017, Petitioner filed a Notice of Appeal to the Superior Court of Pennsylvania. On September 6, 2017 the court ordered Petitioner to file a Concise Statement of Matters Complained of On Appeal ("1925(b) Statement") pursuant to *Pa.R.A.P. 1925(b)*. On September 19, 2017, Petitioner complied and filed his 1925(b) Statement wherein stating the following claims of error verbatim:

1. PCRA and Sentencing court failed to acknowledge petitioner falls under the exception of 9545(b)(1)(ii) due to him being abandoned by trial counsel. Finding that counsel's **"Abandonment"** can be a newly discovered fact for purposes of timeliness exception.

2. Sentencing judge failed to acknowledge that petitioner was clearly abandoned in the most crucial phase of a possible appeal when petitioner clearly asked for an appeal on his behalf in open court.

3. Sentencing judge failed to order counsel to file Ander's Brief before he could officially be dismissed from representation of the petitioner.

4. Sentencing judge failed to protect petitioner from excepting [sic] an illegal negotiated plea where the sentence of **CRIMINAL CONSPIRACY** and **3rd DEGREE MURDER** should have merged for sentencing instead of being ran consecutive.

2

5.  Sentencing judge, counsel, or district attorney failed to explain the elements of the charges that it is impossible to commit **CRIMINAL CONSPIRACY** to commit 3rd **DEGREE MURDER.** And Commonwealth must prove that petitioner conspired to commit an unintentional act.

6.  Double jeopardy is prohibited by the U.S. constitution [sic]. The Supreme court [sic] has held that the Double Jeopardy clause protects against multiple punishments for the same offense. Petitioner is being punished for 3rd **DEGREE MURDER** and also for **CRIMINAL CONSPIRACY, ROBBERY** [sic]

7.  Counsel failed to properly investigate a more considerable plea where the petitioner had a prior record score of a (2) and a gravity score of a (14). And is now sentenced in the (REVOC) repeated violent offender category.

8.  Counsel Ineffective for failing to submit requested appeal when petitioner clearly wanted to exercise his right to do so.

9.  PCRA counsel Ineffective for failing to argue that sentencing counsels actions were so unreasonable that no competent attorney would have chosen it, and that the timeliness of the petition should have been challenged.

10. Petitioner had no reason to believe he was **abandoned** the counsel who was suppose [sic] to be protecting his constitutional right to an appeal. And petitioner has no access to "**Public Records**" to learn of it.

11. Evidentiary hearing should be granted to establish on record if petitioners right to appeal was unlawfully violated by counsel. And should they be reinstated **NUNC PRO TUNC.**

## II.  Discussion

The PCRA court properly dismissed Petitioner's "Petition for Post Conviction Collateral Relief" as it was untimely filed without exception and this court was without jurisdiction to make a determination on the merits of the claim.

Under 42 Pa. Cons. Stat. §§ 9541-9546, commonly known as the Post Conviction Relief Act, a petitioner is required to plead and prove by a preponderance of the evidence that he was

3

convicted or sentenced as a result of one of the grounds enumerated in subsection (a)(2) to obtain post-conviction relief. 42 Pa. C.S. § 9543(a)(2). He must also prove the claimed errors were not previously litigated or waived and "the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* § 9543(a)(4). An issue is considered previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* § 9544(a)(2). An issue is considered waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding." *Id.* § 9544(b).

## A. The PCRA Court was without jurisdiction to make a determination on the merits of the PCRA petition because it was manifestly untimely without exception.

A petitioner must file a PCRA petition, including second and subsequent petitions, within one year of the date when the judgment becomes final. 42 Pa. C.S. § 9545(b). A judgment is considered final at the close of direct review or when the time to seek review expires. *Id.* § 9545(b)(3). There are three exceptions to the one-year time limitation:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

4

*Id.* § 9545(b)(1). Pennsylvania courts have no jurisdiction to address the substantive merits of PCRA petitions that are untimely without exception. *See e.g. Commonwealth. v. Robinson*, 837 A.2d 1157, 1163 (Pa. 2003); *Commonwealth v. Hall*, 771 A.2d 1232, 1234 (Pa. 2001) ("Pennsylvania courts lack jurisdiction to entertain untimely PCRA petitions."). Even if the petitioner is serving an illegal sentence, which is reviewable under the PCRA, his claim is still subject to the time limitations under the PCRA. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

Petitioner's judgment of sentence became final March 25, 2009, thirty (30) days after the entry of his negotiated guilty plea on February 23, 2009. The instant petition, Petitioner's second, filed October 22, 2015, was manifestly untimely by approximately six (6) years.

### 1. Petitioner has failed to establish a timeliness exception for his untimely petition.

Petitioner attempts to establish an exception for his untimely petition under the "newly discovered fact" exception of the PCRA. Petitioner contends the PCRA and sentencing courts failed to acknowledge abandonment by counsel was a newly-discovered fact for the purposes of the timeliness exception. (1925(b) Statement ¶ 1); 42 Pa. C.S. § 9545(b)(1)(ii). However, Petitioner previously argued this precise issue on appeal of his first PCRA petition in 2014.

To be eligible for post-conviction relief, the petitioner must establish that his claims have not been previously litigated or waived. *Id.* 9543 § (a)(3). An issue has been previously litigated when "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." *Id.* 9544 § (a)(3).

Petitioner's claim of abandonment of trial counsel was previously litigated in his first PCRA petition in 2014 and the Superior Court affirmed the dismissal of this exact claim. The

5

PCRA court found that: 1. Petitioner's claim of ineffective assistance of counsel for failure to file a direct appeal on Petitioner's behalf did not constitute a newly-discovered fact for the purposes of circumventing the PCRA statutory time bar; and 2. Petitioner did not meet his burden of showing that he raised the newly-discovered fact within sixty (60) days of the date the alleged new facts were discovered as required by § 9545(b)(1)(ii). *Commonwealth of Pennsylvania v. Tyree Brown*, 2014 Trial Court Opinion at 6-7. Thus, Petitioner does not meet the newly-discovered fact exception for the purposes of circumventing the PCRA statutory time-bar.

Additionally, Petitioner's multiple claims of ineffective assistance and abandonment of trial counsel in his 1925(b) Statement were previously litigated in his 2014 appeal. (1925(b) Statement ¶¶ 1, 2, and 8.) Therefore, pursuant to the PCRA, Petitioner is ineligible for relief on his previously litigated claims. 42 Pa. C.S. § 9543(a)(3).

## 2. The remainder of Petitioner's claims are untimely without exception and waived.

The remainder of Petitioner's claims, ¶¶ 3-7 and 9-10 are untimely without exception and waived. (1925(b) Statement). In addition to the specific rules on waiver under the PCRA, petitioners must also comply with the Pennsylvania Rules of Appellate Procedure. Specifically "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a).

In reviewing Petitioner's untimely PCRA petition and subsequent motions to amend, the court finds that Petitioner's claims in ¶¶ 3-7, 9 and 10 were raised for the first time in Petitioner's 1925(b) Statement. Pursuant to *Pa. R.A.P. 302(a)* these issues cannot be raised for the first time on appeal and are therefore waived. Furthermore, the aforementioned claims are untimely

6

without exception because they were not raised within one year of Petitioner's judgment becoming final as required by the PCRA. 42 Pa. C.S. § 9545(b).

**B. The PCRA Court properly dismissed Petitioner's claim without an evidentiary hearing.**

Petitioner argues that he was entitled to an evidentiary hearing to establish if his right to appeal was unlawfully violated by counsel. (1925(b) Statement ¶11). However, the right to an evidentiary hearing is not absolute and the court determined an evidentiary hearing was not warranted as there was no genuine issues of material fact in dispute.

A court may dismiss a petition without an evidentiary hearing when "there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa. R. Crim. P. 907(1) (West 2016). It is at the discretion of the PCRA court to grant an evidentiary hearing and the court may properly deny a request for a hearing when the claims presented are patently frivolous and without support in the record or other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). If the record reveals that there are no genuine issues of material fact regarding one of petitioner's substantive claims, then an evidentiary hearing will not serve any purpose. *See e.g. Commonwealth v. Payne*, 794 A.2d 902 (Pa. Super 2002) (holding the PCRA court did not err in the denial of a PCRA evidentiary hearing because petitioner's substantive claims should be decided on the existing record).

Here, the court determined that there are no genuine issues of material fact, Petitioner's claim is untimely without exception. There are no disputes of fact regarding the timeliness of Petitioner's PCRA petition therefore Petitioner is not entitled to an evidentiary hearing.

7

## III. Conclusion

Petitioner has failed to establish an exception for his untimely petition. For the reasons set forth above, Petitioner's petition was denied as untimely.

BY THE COURT:

LEON W. TUCKER,
Supervising Judge,
Criminal Division

AIV

8

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CRIMINAL TRIAL DIVISION

**COMMONWEALTH v. TYREE BROWN, CP-51-CR-0011343-2007**

**OPINION**

## PROOF OF SERVICE

    I hereby certify that I am this day serving the foregoing Court Order upon the person(s) and in the manner indicated below, in accordance with the requirements of PA. R.CRIM.P. 114:

*Petitioner:*

Mr. Tyree Brown #HY1394
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020

*Type of Service:*

( ) Personal  ( ) First Class Mail  (X) Certified

*District Attorney:*

Robin Godfrey, Esquire
PCRA Unit, District Attorney's Office
Widener Building
3 South Penn Square
Philadelphia, PA 19107

*Type of Service:*

( ) Personal  (X) First Class Mail.  ( ) Other

Dated: 4/10/17

_____
Law Clerk's Signature

9