J. S10041/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEREMIAS SANCHEZ-CLASS, | : | No. 1277 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered July 9, 2019,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0000577-2016

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JUNE 16, 2020**

Jeremias Sanchez-Class appeals from the July 9, 2019 order entered by the Court of Common Pleas of Luzerne County denying, without a hearing, his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  PCRA counsel has also filed a petition to withdraw.  After careful review, we vacate the PCRA court's order, deny PCRA counsel's petition to withdraw, and remand for further proceedings.

Appellant pleaded guilty to one count each of burglary and theft by unlawful taking[1] on September 19, 2016.  On December 2, 2016, the trial court sentenced appellant to 18-36 months' imprisonment.  Appellant did not file any post-sentence motions, nor did he seek a direct appeal with this court.

---

[1] 18 Pa.C.S.A. §§ 3502(a)(2) and 3921(a), respectively.

On February 17, 2017 and May 18, 2017, appellant filed **pro se** petitions for credit for time served pursuant to 42 Pa.C.S.A. § 9760. No action was taken on these petitions. On May 16, 2019, appellant filed a **pro se** PCRA petition.[2] The PCRA court entered a notice of intention to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on June 12, 2019, to which appellant did not file a response. On July 9, 2019, the PCRA court dismissed appellant's petition without a hearing. Appellant filed a timely **pro se** notice of appeal on July 30, 2019. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 25, 2019, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On October 1, 2019, we entered a **per curiam** order directing the PCRA court to determine whether appellant was eligible to have appellate counsel appointed. Following a hearing on October 25, 2019, the PCRA court appointed Matthew P. Kelly, Esq., to represent appellant. On December 12, 2019, Attorney Kelly filed a "no-merit **Turner**/**Finley** brief"[3] and a petition to withdraw as counsel.[4]

---

[2] Appellant's **pro se** PCRA petition does not address any credit for time served issues.

[3] The Commonwealth did not submit a brief in this matter.

[4] We note that Attorney Kelly's no-merit brief complies with the directives of **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). On collateral review, the appropriate filing is a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d

On January 7, 2020, we entered a *per curiam* order noting that while Attorney Kelly complied with the procedural requirements of *Turner* and *Finley*, he failed to attach a letter advising appellant of his right to immediately proceed *pro se* or with a private attorney pursuant to *Widgins*, 29 A.3d at 818 (applying *Commonwealth v. Friend*, 896 A.2d 607, 614 (Pa.Super. 2006), *abrogated on other grounds*, *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009)).  Our order directed Attorney Kelly to notify appellant of his rights and file a copy of the notification with this court. Attorney Kelly complied with our order, filing a copy of the letter he sent to appellant notifying him of his rights on January 10, 2020.  Appellant has not filed a response.

The PCRA requires that any petition for collateral relief be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  *Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa.Super. 2014), quoting 42 Pa.C.S.A. § 9545(b)(3).

---

927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  Because an *Anders* brief provides more protection to a defendant, we will accept Attorney Kelly's brief in lieu of a no-merit letter. *Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super. 2011), citing *Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005).

Here, appellant's judgment of sentence became final on January 1, 2017, following the conclusion of the period in which appellant could have filed a notice of appeal for direct appellate review by this court. *See* Pa.R.A.P. 903(a). Appellant filed the instant PCRA petition on May 16, 2019—over two years after his judgment of sentence became final and over one year after a PCRA petition could be considered timely. *See* 42 Pa.C.S.A. § 9545(b)(1). Accordingly, appellant's petition is facially untimely.

Before we can determine whether we have jurisdiction to consider the merits of appellant's appeal, we must first determine whether appellant was properly afforded counsel pursuant to Pennsylvania Rule of Criminal Procedure 904. Rule 904 requires the PCRA court to appoint counsel to represent a petitioner who is unable to afford or otherwise procure counsel for his first petition for PCRA relief. Pa.R.Crim.P. 904(C).

In the context of appointing counsel for a petitioner's first PCRA petition, it is of no import that appellant's petition was untimely. Indeed, our supreme court held that, "an indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation apply." ***Commonwealth v. Smith***, 818 A.2d 494, 499 (Pa. 2003). The ***Smith*** court noted its agreement with this court's holding in ***Commonwealth v. Ferguson***, 722 A.2d 177, 178 (Pa.Super. 1998), which stated that the PCRA time-bar enumerated in Section 9545 "must yield" to the rule-based right to

counsel for first-time PCRA petitioners under Rule 904. **Smith**, 818 A.2d at 500, citing **Ferguson**, 722 A.2d at 178.

Here, the record reflects that the PCRA court did not appoint counsel to represent appellant at the time appellant filed the May 16, 2019 petition. Further, the record does not reflect that appellant ever waived his right to counsel.

Accordingly, we vacate the PCRA court's order dismissing appellant's PCRA petition and deny Attorney Kelly's petition to withdraw. We remand for Attorney Kelly to either file an amended PCRA petition on appellant's behalf or to file a no-merit letter with the PCRA court pursuant to **Turner**/**Finley**.

Order vacated. Petition to withdraw denied. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2020