J-S44004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE LEROY CHAMBERS SR. | : | |
| | : | |
| Appellant | : | No. 1333 EDA 2024 |

Appeal from the PCRA Order Entered April 24, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004073-2017

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:           **FILED MARCH 11, 2025**

Appellant Maurice Leroy Chambers, Sr., appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act[1] (PCRA) and granted the motion to withdraw filed by Appellant's prior counsel, Thomas P. McCabe, Esq., (Attorney McCabe). After careful review of the record and procedural history of this matter, we vacate the order and remand with instructions.

A prior panel of this court summarized the underlying facts in this case as follows:

On May 24, 2018, [Appellant] entered a negotiated guilty plea to robbery and possessing an instrument of crime. He was sentenced the same day, pursuant to the negotiated plea agreement, to an aggregate eleven and one-half to twenty-three

_____

[1] 42 Pa.C.S. §§ 9541-9546.

years' incarceration, followed by five years' probation. [Appellant] did not file a post-sentence motion or a direct appeal.

After filing various *pro se* motions and [a PCRA petition,] the [PCRA] court entered an order, granting in part and denying in part [Appellant's] PCRA petition, and reinstated [Appellant's] direct appeal rights *nunc pro tunc*, due to plea counsel's failure to file a requested direct appeal. . . .

Appellate counsel was appointed and filed a timely notice of appeal [*nunc pro tunc*]. Subsequently, appellate counsel filed an **Anders**[2] brief and a petition to withdraw as counsel[.]

*Commonwealth v. Chambers*, 3547 EDA 2019, 2020 WL 5624161, at *1 (Pa. Super. filed Sept. 18, 2020) (*Chambers I*) (unpublished mem.). The *Chambers I* Court affirmed Appellant's judgment of sentence and granted appellate counsel's motion to withdraw. *See id.*

On November 9, 2021, Appellant filed what was chronologically his second PCRA petition. However, because Appellant's first PCRA petition resulted in the restoration of Appellant's direct appeal rights *nunc pro tunc*, the PCRA court properly treated Appellant's second PCRA petition as a first PCRA petition. *See Commonwealth v. K. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013) (stating that "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes"). The PCRA court ultimately dismissed Appellant's November 9, 2021 PCRA petition

---

[2] *See Anders v. California*, 386 U.S. 738 (1967) (providing the procedure for counsel to withdraw on direct review); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009) (same).

without a hearing. However, on appeal, a panel of this Court vacated the order dismissing the PCRA petition, found that Appellant had effectively been denied his right to counsel, remanded for the appointment of new counsel, and directed the PCRA court to "afford Appellant's newly-appointed counsel reasonable opportunity to review the record, confer with Appellant, and file pleadings which counsel deems appropriate." ***Commonwealth v. Chambers***, 1961 EDA 2022, 2023 WL 2319451, at *4 (Pa. Super. filed Mar. 2, 2023) (***Chambers II***) (unpublished mem.). The ***Chambers II*** Court explained:

> [W]hen an indigent, first-time PCRA petition is denied the right to counsel, this Court "**is required** to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011) (emphasis added). Pertinently, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the **effective assistance** of counsel." ***See Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) (emphasis added) (quoting ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998)). The Pennsylvania Supreme Court has stated:
>
>> An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.
>
> ***Commonwealth v. Kenney***, 732 A.2d 1161, 1164 (Pa. 1999); ***see also Commonwealth v. Cox***, 204 A.3d 371, 390 (Pa. 2019) (affirming ***Kenney*** for the proposition that "remand for appointment of counsel is an appropriate remedy when the right to appointment [of] counsel has been effectively denied").

- 3 -

***Chambers II***, 2023 WL 2319451 at *3–4.

On remand, the PCRA court appointed Attorney McCabe to represent Appellant. ***See*** PCRA Ct. Order, 3/3/23. On May 1, 2023, Attorney McCabe[3] filed a ***Turner***/***Finley***[4] letter and petition to withdraw. However, before ruling on Attorney McCabe's petition to withdraw the PCRA court appointed Scott J. Werner, Jr., Esq., to represent Appellant, and the PCRA court specifically stated that the appointment of Attorney Werner "supersedes any prior order whereby Thomas P. McCabe, Esquire[,] was appointed to represent [Appellant] in the above-captioned matter."[5] PCRA Ct. Order, 12/7/23 at 1 n.2.

There is no indication in the record that Attorney Werner filed anything on Appellant's behalf such as an amended PCRA petition or ***Turner***/***Finley*** letter and petition to withdraw following his appointment on December 7, 2023. Despite appointing new counsel, on March 28, 2024, the PCRA court gave notice of its intent to dismiss Appellant's PCRA petition and stated that:

> [U]pon court appointed counsel's "Petition to Withdraw as Counsel," filed on May 1, 2023, after an independent review of the record, pursuant to standards set forth in ***Commonwealth v.***

---

[3] During the pendency of this case, Attorney McCabe was elected to the Chester County Court of Common Pleas.

[4] ***See Commonwealth v. G. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998) (*en banc*) (providing the procedure for counsel to withdraw on collateral review).

[5] ***See*** Pa.R.Crim.P. 904(B) (stating that "[w]hen counsel is appointed, the filing of the appointment order shall enter the appearance of appointed counsel.").

> ***Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988), and for the reasons set forth in the accompanying memorandum, this court finds that there are no genuine issues concerning any material fact, that [Appellant] is not entitled to post-conviction collateral relief, and that no purpose would be served by any further proceedings. Accordingly, pursuant to Pa.R.Crim.P. 907(1), [Appellant] is hereby given NOTICE of the court's intent to dismiss [Appellant's] PCRA petition filed November 9, 2021 without a hearing.

Rule 907 Notice, 3/28/24 (some formatting altered). However, the list of service in the PCRA court's Rule 907 notice did not name either Attorney McCabe or Attorney Werner, and it listed only "Court Appointed Counsel." ***Id.*** Therefore, it is unclear if Attorney Werner received the Rule 907 notice. On April 24, 2024, the PCRA court dismissed Appellant's PCRA petition and granted Attorney McCabe's May 1, 2023 petition to withdraw, despite Attorney Werner's appointment superseding Attorney McCabe's appointment and despite the fact that Attorney Werner did not file a petition to withdraw. This timely *pro se* appeal followed.

Before we reach the issues raised in Appellant's *pro se* brief, we first address whether the PCRA court, Attorney McCabe, and Attorney Werner complied with ***Chambers II***. We note that Appellant's November 9, 2021 PCRA petition appears to be facially untimely because Appellant's judgment of sentence became final for PCRA purposes on October 18, 2020, thirty days after this Court affirmed Appellant's judgment of sentence on September 18, 2020,[6] and the time for filing a petition for allowance of appeal in our Supreme

---

[6] ***See Chambers I***, 2020 WL 5624161 at *1.

- 5 -

Court expired. As such, Appellant had one year, or until October 18, 2021, to file a timely PCRA petition unless he could prove that an exception to the PCRA time bar applied. **See** 42 Pa.C.S. § 9545(b)(1), (3). However, as noted, because Appellant's November 9, 2021 PCRA petition was considered a first PCRA petition,[7] the **Chambers II** Court correctly remanded for the appointment of counsel and to afford newly appointed counsel an opportunity to review the record, confer with Appellant, and file appropriate pleadings. **See Chambers II**, 2023 WL 2319451 at *4.

Importantly, untimeliness is irrelevant for purposes of entitlement to the appointment of counsel on a first PCRA petition, and this Court has held that a PCRA petitioner has an absolute right to appointed counsel for a first PCRA petition, even if that PCRA petition is facially untimely. **See Commonwealth v. Evans**, 866 A.2d 442, 444 (Pa. Super. 2005); **Commonwealth v. Guthrie**, 749 A.2d 502, 504 (Pa. Super. 2000); **Commonwealth v. Ferguson**, 722 A.2d 177, 179 (Pa. Super. 1998). "[A]n indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation apply." **Commonwealth v. Smith**, 818 A.2d 494, 499 (Pa. 2003); **see also** Pa.R.Crim.P. 904(E) (stating that that "[t]he

---

[7] **See K. Turner**, 73 A.3d at 1286 (when a PCRA petitioner's direct appeal rights are reinstated nunc pro tunc in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes).

judge shall appoint counsel to represent a defendant whenever the interests of justice require it.").

As the ***Chambers II*** Court explained, Appellant was entitled to have counsel represent him in the litigation of his first PCRA petition. ***See Chambers II***, 2023 WL 2319451 at *4; ***Evans***, 866 A.2d at 444; ***Guthrie***, 749 A.2d at 504; ***Ferguson***, 722 A.2d at 179. ***See also Stossel***, 17 A.3d at 1290; ***Smith***, 818 A.2d at 499. In order to afford Appellant his right to counsel as noted in ***Chambers II***, we conclude that we must vacate and remand for further proceedings. Despite the directives from ***Chambers II***, Appellant has not yet had counsel address the timeliness of his November 9, 2021 PCRA petition or "prosecute the PCRA petition" and protect his rights as directed by ***Chambers II***. ***See also Smith***, 818 A.2d at 499; Pa.R.Crim.P. 904(E). Although Attorney McCabe filed a ***Turner***/***Finley*** letter and petition to withdraw, Attorney McCabe was no longer Appellant's counsel of record after the PCRA court appointed Attorney Werner on December 7, 2023. However, the record does not indicate that Attorney Werner agreed with Attorney McCabe that there were no meritorious issues. Further, Attorney Werner did not file an amended PCRA petition, petition to withdraw, or file any documents addressing any aspects of Appellant's November 9, 2021 PCRA petition and may have abandoned Appellant. We emphasize that once counsel has entered an appearance on the appellant's behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave of court to withdraw. ***Commonwealth v. Willis***, 29 A.3d 393, 397 (Pa.

Super. 2011); *see also Commonwealth v. Brown*, 836 A.2d 997, 999 (Pa. Super. 2003) (remanding for appointment of counsel where petitioner was represented by court-appointed counsel before PCRA court but was effectively abandoned by counsel). Further, neither Attorney McCabe, Attorney Werner, nor the PCRA court ever addressed the timeliness of the November 9, 2021 PCRA petition and the potential jurisdictional implications. On this record, we cannot conclude that Attorney McCabe, Attorney Werner, or the PCRA court have fully complied with the mandate from *Chambers II*.

We reiterate that although Appellant's November 9, 2021 PCRA petition appears to be untimely, Appellant is still entitled to appointed counsel for his first PCRA petition, even if the petition is facially untimely. *See Evans*, 866 A.2d at 444; *Guthrie*, 749 A.2d at 504; *Ferguson*, 722 A.2d at 179. Additionally, Appellant is entitled to have counsel represent him to determine whether any exception to the PCRA time bar applied. *See Smith*, 818 A.2d at 499. For these reasons, we conclude that Appellant has effectively been denied counsel throughout the collateral review process despite this Court's directives in *Chambers II*, therefore we determine that it is in the interest of justice to vacate the PCRA court's order dismissing Appellant's November 9, 2021 PCRA petition. We remand this matter for the PCRA court to determine whether Attorney Werner has abandoned Appellant, or that his appointment as counsel remains effective. Accordingly, if appropriate, the PCRA court may appoint new PCRA counsel. PCRA counsel, be it, Attorney Werner or newly appointed counsel is directed to correspond with Appellant and file the

appropriate pleadings[8] as contemplated by this Court in **Chambers II**, including addressing the timeliness of the November 9, 2021 PCRA petition and any applicable exceptions. **See Chambers II**, 2023 WL 2319451 at *4; **Evans**, 866 A.2d at 444; **Guthrie**, 749 A.2d at 504; **Ferguson**, 722 A.2d at 179; **see also Stossel**, 17 A.3d at 1290; **Smith**, 818 A.2d at 499; Pa.R.Crim.P. 904(E).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2025

---

[8] *E.g.*, an amended PCRA petition or a **Turner**/**Finley** letter and a petition to withdraw.